NO. 07-03-0297-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 29, 2003


______________________________



SHAWN O'CONNELL LEWIS,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 44,391-E; HON. RICHARD DAMBOLD, PRESIDING


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

ON ABATEMENT AND REMAND


 Appellant Shawn O'Connell Lewis appeals his conviction for the offense of driving
while intoxicated. The clerk's record is due in this cause, and an extension of the
applicable deadline was sought. To justify the extension, the clerk represented that
appellant failed to pay or make arrangements to pay for the record. Nothing of record
appears showing whether the appellant is indigent and entitled to a free record. 

 Accordingly, we now abate this appeal and remand the cause to the 108th District
Court of Potter County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following: 

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and

 3. whether the appellant is entitled to a free appellate record and to
appointed counsel on appeal due to his indigency.


The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed
a supplemental clerk's record containing the findings of fact and conclusions of law and
all orders it may issue as a result of its hearing on this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record with the clerk of this court on or before October 29, 2003. Should further time be
needed by the trial court to perform these tasks, then same must be requested before
October 29, 2003. Finally, should it be determined that appellant desires to prosecute this
appeal, is indigent, and is entitled to appointed counsel but has none, then the trial court
shall appoint counsel to appellant. The name, address phone number and state bar
number of the attorney appointed, if any, shall be included in the trial court's findings of
fact and conclusions of law. 

 It is so ordered. 

 Per Curiam 

 

Do not publish. 



enter">FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19143-B; HON. JOHN BOARD, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
OPINION
          Appellant, Robert Eugene Jordan, was convicted of the offense of murder enhanced
by one prior felony conviction and subsequently sentenced to 99 years confinement in the
Institutional Division of the Texas Department of Criminal Justice and ordered to pay a fine
of $10,000. By two issues, appellant contends that the judgment of the trial court should
be reversed. We affirm.
Factual and Procedural Background
          Appellant was charged with the murder of Donald White, who had been found shot
to death in Randall County. At the time the body was discovered, the deceased was
stripped of his clothing and his hands had been taped with duct tape. The record reflects
that these facts had not been disclosed to the media. Randall County Sheriff’s
Investigator, Paul Horn, determined that William Sean Gilmore was a “person of interest”
in connection with the murder case and spoke to Gilmore at the Amarillo Police
Department on January 14, 2005. Previously, Gilmore had been arrested by Amarillo
Police on charges unrelated to the murder. Gilmore provided Horn with a written affidavit
that declared that appellant had told him that, appellant and Mark Hanson took the
deceased to a dirt road where they “ruffed him up,” stripped him naked and taped him up
with duct tape before shooting him. Contained within Gilmore’s statement was an
assertion that Gilmore was employed at the Big O Tire store as a tire tech. This statement
became the focal point of a motion to suppress evidence subsequently filed by appellant. 
On the same day, but shortly after speaking with Gilmore, Horn interviewed Bobbye Marie
Eckert, appellant’s cousin, about the murder. Eckert gave an affidavit to Horn that alleged
that appellant had told her that “he himself shot Donny.” Also contained within Eckert’s
affidavit were statements that appellant had told her about making the deceased take his
clothes off and tying the deceased up with duct tape. 
          On January 18, 2005, Horn signed a complaint alleging appellant had murdered the
deceased. Contained within the complaint was the statement made by Horn that
“defendant admitted committing this offense to William Sean Gilmore, a reputably
employed citizen who has signed a sworn affidavit to that effect . . . .” An arrest warrant
was issued for appellant’s arrest based upon the complaint filed by Horn. Appellant
subsequently gave a written statement to Horn admitting his participation in the murder.
          Appellant filed a motion to suppress his confession alleging that the arrest and
detention were illegal and denied appellant his constitutional rights. A hearing on
appellant’s motion to suppress was held on October 25, 2007. After hearing the evidence
relative to the issuance of the arrest warrant for appellant, the trial court overruled the
motion to suppress and the case proceeded to trial. After the jury returned a verdict of
guilty, the State proceeded to introduced evidence bearing on the issue of punishment
including testimony regarding appellant’s participation in a drive-by-shooting in Amarillo. 
At the conclusion of the testimony regarding the drive-by-shooting incident, appellant
requested the trial court strike all of the testimony offered by the State regarding the
incident. The trial court denied the request and appellant’s subsequent motion for mistrial. 
 The jury sentenced appellant to 99 years confinement and a fine of $10,000. It is from this
judgment that appellant appeals.
          Through his two issues, appellant alleges that the trial court erred in; 1) failing to
grant the motion to suppress, and 2) allowing punishment evidence which failed to
demonstrate an offense beyond a reasonable doubt. We disagree with appellant and will
affirm the judgment.
 
 
Motion to Suppress
          Appellant’s first issue is directed to the trial court’s ruling on the motion to suppress
appellant’s statement. We review a trial court’s decision on a motion to suppress under
an abuse of discretion standard. See Lowery v. State, 98 S.W.3d 398, 399
(Tex.App.–Amarillo 2003, no pet.) (citing Guzman v. State, 955 S.W.2d 85, 87
(Tex.Crim.App. 1997)). A trial court abuses its discretion when its decision falls outside the
zone of reasonable disagreement. Id. (citing Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Crim.App. 1990, op. on reh’g)). We accord almost total deference to the trial court’s
determination of historical facts, especially when those determinations turn on witnesses’
credibility or demeanor. See Neal v. State, 256 S.W.3d 264, 280 (Tex.Crim.App. 2008). 
However, we review de novo the trial court’s application of law to facts not turning on
credibility or demeanor. Id.
          Appellant’s contention is that the affidavit filed by Horn, to support the issuance of
an arrest warrant, contained false statements and, therefore, appellant was permitted to
go behind the four corners of the affidavit. See Franks v. Delaware, 438 U.S. 154, 155-6,
98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The false statement, according to appellant, was
that “defendant admitted to William Sean Gilmore, a reputably employed citizen . . . .” 
(emphasis added). According to appellant’s theory, the proof at the hearing to suppress
his own statement was that Gilmore was not employed at the Big O Tire store at the time
of execution of the affidavit in support of the arrest warrant and Horn knew this fact. 
Further, appellant contends that Gilmore had an extensive criminal record and was in fact
under arrest for several offenses when Horn interviewed him at the Amarillo Police
Department. Finally, appellant contends that, at the time Horn obtained the statement from
Gilmore, Horn was aware that Gilmore was a captain in the Aryan Brotherhood. Appellant
posits that, because Horn was aware of all of these facts when he signed his affidavit in
support of the arrest warrant, the trial court erred in not voiding the arrest warrant and
suppressing appellant’s statement.
          Franks stands for the proposition that if a defendant can establish that a warrant
affidavit contains false statements made either knowingly and intentionally or with reckless
disregard for the truth and that the false statement was necessary to the finding of
probable cause, then the defendant is entitled to a hearing in an attempt to suppress any
evidence subsequently gathered. Id. Texas has adopted the Franks methodology in
dealing with probable cause affidavits. See Harris v. State, 227 S.W.3d 83, 85
(Tex.Crim.App. 2007). The record of the pre-trial hearing is unclear as to whether the trial
court required appellant to make the preliminary showing required by Franks. What is clear
is that the trial court required the State to develop, through the testimony of Horn, all of the
facts leading up to the issuance of the arrest warrant. Further, appellant was permitted to
extensively cross-examine Horn regarding all of his actions prior to obtaining the arrest
warrant. We will assume, for purposes of this opinion, that appellant made the requisite
preliminary showing and that the trial court conducted a full Franks hearing. 
          Once the appellant establishes the prerequisites required to obtain a full Franks
hearing, appellant has the burden of establishing the allegation of perjury or reckless
disregard for the truth by a preponderance of the evidence. Franks, 438 U.S. at 155-56,
Harris, 227 S.W.3d at 85. It is during this proceeding that appellant may present evidence
that goes behind the four corners of the affidavit. Cates v. State, 120 S.W.3d 352, 355 n.3
(Tex.Crim.App. 2003). If, after the hearing, the trial court determines the appellant has met
his burden of proof, the false information contained in the warrant affidavit must be
disregarded. Franks, 438 U.S. at 155-56, Harris, 227 S.W.3d at 85. If the remainder of
the affidavit does not contain sufficient probable cause to support the issuance, the warrant
is voided and any evidence obtained as a result of its issuance must be excluded. Franks,
438 U.S. at 156, Harris, 227 S.W.3d at 85.
          The record of the suppression hearing clearly shows that Gilmore told Horn he was
working as a “tire tech” at the Big O Tire store. Further, Horn testified that when he
interviewed Gilmore, Gilmore presented himself as one who might be working at a tire store
doing some sort of manual labor. Specifically, Horn testified that Gilmore had a work shirt
on similar to what you would expect such an employee to be wearing, that Gilmore’s hands
were dirty and grimy as you might expect from one working at a tire store and, Gilmore
smelled like he had been working in a garage or tire store. Appellant posits that, by the
time of his interview with Gilmore, Horn had learned that an incident report was filed by an
Amarillo Police officer stating that the manager of the Big O Tire store had informed the
officer that Gilmore did not work there. Appellant contends this information was either
known or should have been known by Horn. However, the record before us reflects that
Horn testified that the report was filed on January 17, 2005, three days after he had
obtained Gilmore’s affidavit. Further, Horn testified that he never spoke with the officer
who filed the report or even became aware of the information contained in it until after the
issuance of the arrest warrant. During the pre-trial hearing, the State produced another
report from the Amarillo Police Department indicating that the manager of the tire store was
probably not telling the truth about his relationship with Gilmore. It is significant that
Gilmore’s affidavit contained information that was not known to the general public,
information that could have only been acquired from someone who was involved in the
commission of the murder. This information is an indicia of reliability. In addition to the
testimony regarding Gilmore’s employment and Horn’s lack of knowledge to the contrary,
the testimony at the pre-trial hearing clearly demonstrated that Horn did not act upon
Gilmore’s information until he had corroborated it by obtaining an additional affidavit from
Bobbye Marie Eckert. Eckert’s affidavit corroborated Gilmore’s in that it also contained the
same facts that were not known to the general public. 
          When all of this evidence is reviewed in toto, this Court does not find that the trial
court abused its discretion and we will defer to the trial court’s reasonable belief that Horn
did not intentionally and knowingly give false information in the affidavit, nor was he guilty
of recklessly disregarding the truth. Guzman, 955 S.W.2d at 87. Rather, the totality of the
circumstances shows that Horn was unaware of the information that would seem to say
Gilmore was not employed and the State went to great lengths to corroborate the facts, as
stated in the Gilmore affidavit, regarding the commission of the offense by appellant. 
Appellant failed to meet his burden of proof at the Franks hearing. Franks, 438 U.S. at
155-56, Harris, 227 S.W.3d at 85. Accordingly, appellant’s first issue is overruled.
 
 
Motion to Strike Punishment Evidence
          By his second issue, appellant contends that the trial court erred in admitting
punishment evidence concerning an extraneous offense. Specifically, appellant asserts
that the trial court erred by denying appellant’s motion to strike the testimony of three
witnesses, Leona Price, Cory Richardson, and Shawn Uselding. These witnesses testified
about a drive-by-shooting that occurred on March 14, 1998, when a shotgun was fired at
the home of Leona Price. The record reflects that, after the State had rested its
punishment evidence, appellant requested that the trial court strike the testimony of the
three named witnesses and that the jury be instructed to disregard that testimony, because
the State had failed to prove the extraneous offense beyond a reasonable doubt. 
          The testimony at issue was offered after the State had filed a notice of intent to offer
evidence of “all other crimes, wrongs or acts of the defendant during the punishment phase
. . . .” See Tex. Code Crim. Proc. Ann. art. 37.07 sec. 3(g) (Vernon 2007).


 This notice
of intent to offer evidence of other crimes, wrongs or acts of the defendant was filed in
reply to request for notice of intent to offer evidence of extraneous crimes or bad acts filed
by appellant. In the response to the request for notice filed by appellant, the State notified
appellant that it intended to produce evidence that on or about March 14, 1998, appellant
either committed deadly conduct by discharging a firearm at a dwelling occupied by Leona
Weathersbee or acted as a party to said conduct. (Leona Weathersbee was identified at
trial as Leona Price). This evidence was offered pursuant to article 37.07 sec. 3(a) of the
Texas Code of Criminal Procedure.


 See art. 37.07 sec. 3(a).
          At the outset, we note that the decision of a trial court regarding the admissibility of
extraneous offense evidence is reviewed under an abuse of discretion standard. See
Saenz v. State, 843 S.W.2d 24, 26 (Tex.Crim.App. 1992). A trial court abuses its
discretion when its decision falls outside the zone of reasonable disagreement. 
Montgomery, 810 S.W.2d at 391. 
           Appellant’s issue confuses the obligations of the trial judge and the jury in
considering evidence of extraneous offenses. The trial judge has the obligation to make
a determination, upon proper request, of whether the proposed evidence is relevant to the
issue of punishment. See Nanez v. State, 179 S.W.3d 149, 151 (Tex.App.–Amarillo 2005,
no pet.), see also Banks v. State, No. 02-05-118-CR, 2006 Tex. App. LEXIS 8901
(Tex.App.–Fort Worth October 5, 2006, no pet.) (not designated for publication). In the
case before us, even though appellant had prior knowledge that the State would offer the
evidence of his involvement in the drive-by-shooting, there was no request for a hearing
to determine the admissibility of this evidence prior to the introduction of the testimony in
question. Once the evidence was before the jury, it is the duty of the jury, as the exclusive
trier of fact, to determine whether the State has proven the extraneous offense or act
beyond a reasonable doubt. Nanez, 179 S.W.3d at 152. After all the punishment
evidence was presented, the trial court properly charged the jury that they could not
consider such extraneous offense or act unless “you find and believe beyond a reasonable
doubt that the defendant committed such acts or was criminally responsible as a party for
such acts.” See Huizar v. State, 12 S.W.3d 479, 483 (Tex.Crim.App. 2000). In this case,
the trial court did exactly what is required of it when considering the issue of extraneous
offenses or bad acts. 
          Based upon the foregoing, we cannot say that the trial court abused its discretion
in refusing to strike the testimony of the three witnesses. Saenz, 843 S.W.2d at 26. 
Accordingly, we overrule appellant’s second issue.
Conclusion
          Having overruled appellant’s two issues, we affirm the judgment of the trial court.




Mackey K. Hancock

Justice



Publish.