NO. 07-02-0420-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 25, 2004
_____

WILLIAM UMPHRES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 221ST DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 01-03-02060-CR; HON. SUZANNE STOVALL, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

In six issues, appellant William Umphres challenges his two convictions for aggravated sexual assault of a child. Two different children were involved. Through his issues, he contends that 1) he did not open the door to the admission of an extraneous offense, 2) the trial court erred in admitting evidence of an extraneous offense that occurred more than 25 years earlier, 3) the trial court erred in failing to instruct the jury on the burden of proof for admission of extraneous offenses during the punishment phase, 4) the trial court erred in admitting photographs of the genitalia of the two complainants, 5) the trial

court erred in admitting hearsay testimony of an outcry witness, and 6) he received ineffective assistance of counsel. We affirm the judgment of the trial court.

### *Issues One and Two - Admission of Extraneous Offense*

In his first two issues, appellant complains of the admission into evidence of rebuttal testimony from his adult daughter indicating that he had inappropriate sexual contact with her when she was a child. He contends he never "opened the door" to the admission of this testimony and that the offense is too remote to qualify for admission. We overrule the issues.

Appellant was charged with sexually assaulting two young sisters who were living or staying next door to him. During appellant's testimony at the guilt/innocence phase of the trial, he was asked whether he had "any idea why the girls would tell these stories about you?" He responded by saying: "No, sir, I really don't. I have never had this in my life, and I am 69 now." By this response, the trial court determined that appellant had "opened the door" to the testimony by his daughter.

On appeal, appellant claims that the statement was "ambiguous and not specific enough to *open the door* to the admission of any extraneous offense." [Emphasis in original]. He also complains that the extraneous offense was too remote in time. However, neither of those grounds were mentioned at trial. Indeed, from the conversation between counsel and the trial court after the prosecutor first asked to approach the bench, defense counsel said, "I know what they are going to say" and "I have also told him not to do it, and he does." When the matter was again broached during cross-examination of appellant, defense counsel stated, "I am going to object," and when told by the trial court that the

2

"door has been opened by that comment," he replied, "[b]y my incompetent client." Again, nowhere did he posit that the door had not been opened, that the comment was too ambiguous, or that the extraneous conduct was too remote. Nor can we say that those grounds were part of or implicit in the general objection actually uttered. Indeed, it appears that counsel felt the evidence inadmissible because the statement was made by an incompetent person, not because the door had not been opened.

In sum, a party's complaint on appeal must comport with that uttered at trial; when it does not, then the complaint is waived. *Turner v. State,* 805 S.W.2d 423, 431 (Tex. Crim. App.), *cert. denied,* 502 U.S. 870, 112 S. Ct. 202, 116 L.Ed.2d 162 (1991); *Harnett v. State,* 38 S.W.3d 650, 661 (Tex. App.–Austin 2000, pet. ref'd); *Brown v. State,* 6 S.W.3d 571, 582 (Tex. App.–Tyler 1999, pet. ref'd). Since appellant's complaint on appeal does not comport with that uttered at trial, he failed to preserve the alleged error.

### *Issue Three - Instruction on Extraneous Offense*

Via his third issue, appellant complains that the trial court failed to provide a limiting instruction with respect to the burden of proof on extraneous offenses during the punishment phase of the trial. We overrule the issue.

During the punishment hearing, the State may offer any evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt to have been committed by the defendant or for which he could be held criminally responsible. TEX. CODE CRIM. PROC. ANN. art. 37.07 §3(a)(1) (Vernon Supp. 2004). Due to art. 37.07 §3(a)(1), the trial court is obligated to instruct the jury about its need to conclude that the extraneous matter occurred, beyond reasonable doubt, before it can consider it. *Huizar v. State,* 12 S.W.3d 479, 483 (Tex. Crim. App. 2000). And, although appellant did not request such an

3

instruction to be included in the jury charge here, neither a request nor an objection is necessary to preserve the error. *Id.* Finally, whether omitting the instruction caused harm and, therefore, warrants reversal is dependent upon the application of the harmful error standard enunciated in *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). *Huizar v. State,* 12 S.W.3d at 484. So, given the lack of a request or objection, we must decide whether the error was so egregious and created such harm that appellant did not have a fair and impartial trial. *Almanza v. State,* 686 S.W.2d at 171.

Though appellant fails to expressly mention the particular extraneous offense in question, we assume it to be that involving the assault upon his own daughter some 23 years earlier. Furthermore, the evidence first appeared in the guilt/innocence phase of the trial, and when charging the jury during that phase, the trial court included the instruction required by art. 37.07 §3(a)(1). So, the jury had been previously informed of the need to first conclude that appellant committed the offense, beyond reasonable doubt, before considering it. More importantly, when undergoing cross-examination during the punishment phase of the proceeding, appellant stated that he was both "sorry" for and "embarrassed" about what he did to his daughter. That testimony is tantamount to an admission that he committed the bad act. In other words, the factfinder reasonably could have concluded that one cannot be sorry for or embarrassed by what he did not do, and because appellant was sorry and embarrassed, he must have committed the act. Given these circumstances, we cannot say that the failure to inform the jury that they must first find that the bad act occurred was so egregious as to have denied appellant a fair and impartial trial. Thus, reversal of the judgment is not required.

### *Issue Four - Admission of Photographs*

4

Appellant argues in his fourth issue that the trial court should not have permitted the State to introduce photographs of the genitalia of the two victims. We overrule the issue.

The photographs were offered into evidence during the testimony of Dr. Sheela Lahoti, who physically examined both victims for sexual abuse. Photographs were made of the genitalia of the children with a culpascope which magnifies the area from four to 25 times. The examination of one child showed a deep notch to the vaginal area which was indicative of penetrating trauma while the examination of the other child revealed no abnormalities. At trial, appellant objected to the admission of the photographs and requested that the court conduct a balancing test under Texas Rule of Evidence 403 due to their prejudicial nature. The trial court overruled the objection.

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. We review the trial court's admission of the photographs under the standard of abused discretion. *Wyatt v. State,* 23 S.W.3d 18, 29 (Tex. Crim. App. 2000); *Sonnier v. State,* 913 S.W.2d 511, 518 (Tex. Crim. App. 1995). Furthermore, pictures are generally admissible if verbal testimony of the matters depicted is also admissible, unless their probative value is outweighed by their prejudicial effect. *Ramirez v. State,* 815 S.W.2d 636, 647 (Tex. Crim. App. 1991); *Potter v. State,* 74 S.W.3d 105, 112 (Tex. App.–Waco 2002, no pet.). Finally, the trial court does not abuse its discretion in admitting photographs if they will help the jury to understand verbal testimony such as technical language used by a medical doctor in describing injuries sustained. *Hernandez v. State,* 118 S.W.3d 469, 478 (Tex. App.– Eastland 2003, pet. ref'd).

Two photographs of each child were admitted. They were taken from different positions. Though one could find them and the mode by which they were obtained distasteful, the photographs were not in and of themselves gruesome. Rather, they had a clinical appearance. So too did they actually serve a medical purpose since they helped explain and illustrate the doctor's findings, *i.e.* that one child suffered "penetrative vaginal trauma." Moreover, while the pictures of the one victim did not indicate any abnormalities, they nonetheless could have been utilized by the jury for comparison purposes, that is, as visual assistance in illustrating and perceiving the trauma suffered by the other child. Next, in view of the nature of the trauma being investigated and the relatively small size of the genitalia subjected to it as a result of vaginal penetration, a legitimate reason existed to enlarge the photographs. Under these circumstances, the trial court's decision to overrule the Rule 403 objection and admit the pictures fell within the zone of reasonable disagreement and, therefore, did not constitute an instance of abused discretion. *See Wyatt v. State,* 23 S.W.3d at 29-30 (holding that two autopsy photos showing blood at the opening of the victim's anus were not particularly offensive and did no more than portray the nature of the injuries inflicted); *Ashcraft v. State,* 918 S.W.2d 648, 656 (Tex. App.– Waco 1996, pet. ref'd) (holding that a photograph of the victim's vagina was not of the type to shock or horrify the jury, had probative value, and had a benign tendency to present a danger of unfair prejudice).

### Issue Five - Outcry Witness

6

In his fifth issue, appellant argues that the trial court erred in allowing Nicole Pizzoferrato, the victims' stepmother, to testify as the outcry witness. We overrule the issue.

A statement that describes the alleged offense of aggravated sexual assault made by a child against whom the offense was allegedly committed to the first person over 18 years of age, other than the defendant, is not inadmissible because of the hearsay rule. TEX. CODE CRIM. PROC. ANN. art. 38.072 §2 (Vernon Supp. 2004). Appellant's complaint here is that Pizzoferrato was not the first person to whom one of the children made an outcry statement. It is undisputed that the child first told Mary Ann Benson that appellant had "touched" her. However, according to the record, the description of the "touching" or assault were not imparted by the child until Pizzoferrato began questioning her. Given this, it fell within the realm of reasonable disagreement for the trial court to hold that the comment to Benson about simply being "touched" did not make Benson the outcry witness. *Schuster v. State*, 852 S.W.2d 766, 768 (Tex. App.–Fort Worth 1993, pet. ref'd) (holding that simply because the victim told the first adult that she was "touched" did not make the first adult the outcry witness); *accord Garcia v. State,* 792 S.W.2d 88, 91-92 (Tex. Crim. App. 1990) (holding that a Child Protective Services worker was the proper outcry witness when the complainant told her teacher only that something had happened at home relating to child abuse); *Josey v. State,* 97 S.W.3d 687, 693 (Tex. App.–Texarkana 2003, no pet.) (holding that to qualify as an outcry witness, the child must describe the alleged offense in some discernable way and must do more than generally insinuate that sexual abuse has occurred).

Nevertheless, appellant argues that because Benson was also present when the child described the details of the alleged offense, she was the proper outcry witness. However, Pizzoferrato testified that she (Pizzoferrato) was the one who asked the child questions which elicited the details of the offense. And, she allegedly did so because Benson was "too upset." Under these circumstances, the State could have chosen either person as the proper outcry witness, and the court did not abuse its discretion in allowing Pizzoferrato to testify as such. *Yebio v. State,* 87 S.W.3d 193, 198 (Tex. App.–Texarkana 2002, pet. ref'd).

### *Issue Six - Ineffective Assistance*

In his final issue, appellant contends he received ineffective assistance of counsel because his counsel 1) failed to clearly object to the extraneous offense (assaulting appellant's daughter) during the guilt/innocence phase of the trial, 2) failed to object to the extraneous offense during the punishment phase, 3) failed to object to the remoteness of the extraneous offense, 4) failed to object that the extraneous offense was offered to show "character conformity," 5) failed to request a *"Montgomery"* hearing once the extraneous offense was admitted, 6) failed to request a balancing test to determine if the extraneous offense was admissible, 7) failed to request a limiting instruction in the charge or when the extraneous offense was admitted into evidence, and 8) failed to make a proper objection under *Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1991)*.* We overrule the issue.

Assuming *arguendo* that the instances mentioned evinced less than reasonable conduct on the part of counsel, nowhere does appellant attempt to explain or show how

8

there existed a reasonable probability that but for the alleged mistakes the outcome would have differed. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (stating that the appellant has the burden to prove deficient conduct and a reasonable probability that but for the conduct the result would have differed). Instead, he opines that the "admission of the extraneous offense was absolutely critical" and that it was "the 'gasoline' thrown on the fire that resulted in showing that [appellant] may have committed these acts all of his life and certainly as far back as 1977." Yet, nothing is said about how this "gasoline" made the fire any more destructive than the "gasoline" appearing in the form of evidence illustrating how he sexually molested his two neighbor children. Indeed, the quantum or quality of that evidence goes unquestioned by appellant. Nor does he cite us to anything of record suggesting, much less proving, that the jury would have assessed a lesser sentence for sexually imposing himself on the two female children had his counsel sought harder to have (or succeeded in having) the extraneous evidence excluded. In short, his conclusions about the extraneous offense being "absolutely critical" and "'gasoline' thrown on the fire" are just that, conclusions. And, without attempting to prove the effect, if any, the extraneous evidence had upon the verdict and sentence, appellant cannot, and did not, carry his burden of proof. *Ladd v. State*, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999), *cert. denied,* 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000) (rejecting the claim of ineffective assistance because "appellant . . . made no effort to prove the prejudice prong of the *Strickland* test").

Accordingly, the judgment of the trial court is affirmed.

Do not publish.