**Vincent HUIZAR, Appellant,**

v.

**The STATE of Texas.**

No. 794–98.

Court of Criminal Appeals of Texas.

Feb. 23, 2000.

---

Richard E. Langlois, San Antonio, for Appellant.

Daniel Thornberry, Asst. Dist. Attorney, San Antonio, Betty Marshall, Asst. St. Atty., Matthew Paul, State's Atty., Austin, for State.

### OPINION ON REHEARING

MEYERS, J., delivered the unanimous opinion of the Court.

The Court granted rehearing on our own motion. Our previous opinion is withdrawn.

Appellant was convicted of aggravated sexual assault, sentenced to confinement for 99 years and assessed a fine of $10,000. The Court of Appeals affirmed the conviction, but vacated the sentence and remanded to the trial court for a new punishment hearing. *Huizar v. State,* 966 S.W.2d 702 (Tex.App.—San Antonio 1998). We granted the State's petitions for discretionary review to address whether a trial court should, under Code of Criminal Procedure article 37.07 § 3(a), *sua sponte* instruct the jury on the burden of proof for evidence of extraneous offenses or bad acts admitted at punishment.[1]

▮ Article 37.07 § 3(a) provides in relevant part:

> ... evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to ... evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the

---

1. We granted grounds for review presented in petitions filed by the State Prosecuting Attorney (SPA) and by the Bexar County District Attorney (DA). We refer to the SPA and the DA, collectively, as the State.

defendant or for which he could be held criminally responsible....

TEX.CODE CRIM. PROC. art. 37.07 § 3(a). The plain language of this provision "requires that such evidence may not be considered in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that [the extraneous bad acts and offenses] are attributable to the defendant." *Fields v. State*, 1 S.W.3d 687, (Tex. Crim.App.1999).

During the punishment phase of trial the State introduced evidence of extraneous offenses and bad acts. The trial court did not instruct the jury regarding the burden of proof applicable to such evidence. Appellant did not request such instruction or object to its omission from the charge. Addressing the issue as unassigned error,[2] the Court of Appeals held the trial court erred in failing to give the instruction. *Id.* at 709. Pointing to *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991), which held that a failure to define reasonable doubt at guilt is "automatic reversible error," the Court of Appeals concluded the same rule applies to a failure to instruct on reasonable doubt at punishment. *Id.* at 707–09. The Court of Appeals viewed the error as implicating constitutional rights. *Id.* at 709 & fn. 2. The Court of Appeals further noted its holding was supported by language in article 37.07 § 3(a) and (b). Finally, the Court held that because the error implicated constitutional rights, Rule of Appellate Procedure 44.2 rather than *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985)(op. on reh'g), applied in assessing harm. *Id.* at 709–10.

## A.

■ We begin by addressing the Court of Appeals' holding that the reasonable-doubt instruction is constitutionally required, per *Geesa*. We recently addressed a related issue in *Fields, supra.* In that non-capital case, as in the instant case, the State introduced extraneous-offense evidence at punishment. Although the charge included an instruction that the extraneous-offense evidence must be proven beyond a reasonable doubt before it could be considered by the jury in assessing punishment, it did not provide a *definition* of proof "beyond a reasonable doubt." *Id.* at 687–88. The appellant did not request such definition or object to its omission. We granted review to decide whether "the Court of Appeals erred in holding the trial court must *sua sponte* submit a definition of reasonable doubt as to proof of extraneous misconduct at the punishment phase of trial." *Id.* at 688. We concluded that "[ne]ither *Geesa* nor art. 37.07 could be read to require that a reasonable-doubt instruction be given at the punishment phase, absent a request." *Id.* at 688. The instruction to which we referred, and which was in question in *Fields*, was the *Geesa* definition, not the instruction on burden of proof. Thus, more precisely than therein stated, *Fields* stands for the proposition that "neither *Geesa* nor art. 37.07 could be read to require that a reasonable-doubt *[definition]* be given at the punishment phase, absent a request."

■ In support of this conclusion, *Fields* emphasized that "the reasonable-doubt standard of art. 37.07 is neither constitutionally required nor based on a constitutional mandate." *Id.* at 688. We distinguished the punishment phase of trial from the guilt phase of trial. Although submission of the reasonable-doubt definition itself is not constitutionally mandated at guilt, it serves "to implement the consti-

---

**2.** In one of his points of error on direct appeal appellant argued trial counsel was ineffective for failing to request at punishment a jury instruction that the jury could not consider the extraneous-offense evidence unless it concluded beyond a reasonable doubt that appellant committed the offenses. The Court of Appeals overruled this point of error, but went on to address, in the interest of "fundamental fairness and considerations of due process" the related question of whether the trial court should have given the instruction *sua sponte. Huizar,* 966 S.W.2d at 706–707.

tutional requirement that a conviction cannot stand 'except upon proof beyond a reasonable doubt.'" *Id.* At punishment, the considerations are different:

> The definition of reasonable doubt set out in *Geesa* applies specifically to the guilt-innocence phase of trial; although "the rules are not of constitutional dimension *per se* ... [they] serve to implement the constitutional requirement that a criminal conviction cannot stand 'except upon proof beyond a reasonable doubt.'" *Geesa*, 820 S.W.2d at 163 (citing *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). The reasonable-doubt standard of art. 37.07 is neither constitutionally required nor based on a constitutional mandate.[fn] At the punishment phase, the defendant has already been found guilty beyond a reasonable doubt of each element of the offense charged.... Prior crimes or bad acts are introduced to provide additional information which the jury may use to determine what sentence the defendant should receive. The statute requires that such evidence may not be considered in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that these prior acts are attributable to the defendant. Once this requirement is met, the fact-finder may use the evidence however it chooses *in assessing punishment.* Thus, this evidence serves a purpose very different from evidence presented at the guilt-innocence phase.

*Id.* at 688. Thus, at punishment the reasonable-doubt standard is applicable in deciding whether or not to consider certain evidence in assessing the sentence (a stat-

utory requirement); at guilt, the standard applies in deciding whether or not all the elements of the charged offense have been proven beyond a reasonable doubt(a constitutional requirement).

This distinction is controlling here as well. It makes no difference whether we are considering the reasonable-doubt definition or the reasonable-doubt instruction altogether; the same reasoning applies to a constitutional argument. Article 37.07's requirement that extraneous-offense and bad-act evidence must be proven beyond a reasonable doubt is an evidentiary rule; it has no constitutional underpinnings. *Cf. Fields,* supra. Therefore, *Geesa* does not compel *sua sponte* submission of the reasonable-doubt instruction as to extraneous-offense evidence admitted at punishment.[3] The Court of Appeals erred in holding otherwise.

### B.

◼ The Court of Appeals also stated that its "conclusion that the jury must be instructed on the burden of proof [as to extraneous-offense and bad-act evidence admitted] during the punishment phase is supported by the language of article 37.07...." *Huizar,* 966 S.W.2d at 708. The Court of Appeals reasoned that the instruction was logically required in order to give effect to the requirements of section 3(a):

> Because the jury is guided by the court's charge in assessing punishment, *cf. Geesa,* 820 S.W.2d at 159 (commenting that jury is guided by charge in determining guilt or innocence), the jury must be instructed on the reasonable-doubt standard if it is to properly consider

---

**3.** *Reyes v. State,* 938 S.W.2d 718 (Tex.Crim. App.1996), *Mitchell v. State,* 931 S.W.2d 950 (Tex.Crim.App.1996), and *Coble v. State,* 871 S.W.2d 192 (Tex.Crim.App.1993), relied upon by the Court of Appeals in holding that the rationale of *Geesa* applies in the context of this case, are not controlling. *Reyes* involved the omission of a reasonable-doubt instruction at the guilt phase of trial. *Mitchell* did not address the question presented in this case of whether the trial court should have

given the questioned instruction *sua sponte.* In *Mitchell,* the instruction was requested and denied. *Mitchell,* 931 S.W.2d at 951; *see also fn.5, infra* (discussing votes in *Mitchell* ). *Coble* was a capital case and thus punishment was governed by article 37.071, not article 37.07. Further, such instruction is not necessary in capital cases where the jury is instructed they must find the special issues beyond a reasonable doubt. *Coble,* 871 S.W.2d at 208.

evidence of extraneous offenses during the punishment phase. Logically then, the jury must be instructed on the reasonable-doubt standard whenever the State uses extraneous offense evidence during the punishment phase.

*Huizar*, 966 S.W.2d at 708.

■ As stated above, we recently recognized that article 37.07 "requires that [extraneous bad acts and offenses] *may not be considered* in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that [such acts and offenses] are attributable to the defendant." *Fields*, at 688 (emphasis added). A defendant is entitled to have the jury instructed of this burden of proof, *upon request.*[4] The question here is whether there is jury charge error due to the omission of such instruction when the defendant has failed to request the instruction or object to its omission.

■ In *Posey v. State*, 966 S.W.2d 57 (Tex.Crim.App.1998), we addressed the potential for jury charge "error" arising from an omission in the charge that was not objected to at trial. Code of Criminal Procedure articles 36.14, *Charge of Court*, and 36.19, *Review of Charge on Appeal*, govern submission of jury instructions and determination of "error" in the charge. *Posey, supra.* "Error" due to erroneous omissions in the jury charge can result from either "omissions of issues upon which a trial court has a duty to instruct without a request from either party or issues that have been timely brought to the trial court's attention." Id. at 61 fn. 9; *see also id.* at 63–64. Disregarding a statutory provision referenced in article 36.19 [5] is the type of omission that does not require a timely request or objection by a party.[6] *See generally Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985)(op. on reh'g)(different standards of assessing charge error apply depending upon whether or not error was subject to timely objection); *see also Posey*, 966 S.W.2d at 60 ("neither 'harm' standard to jury charge 'error' set out in Article 36.19 as construed by *Almanza* applies unless the record first shows that any requirement of various statutory provisions referenced in Article 36.19 'has been disregarded'"). Such omissions can be raised for the first time on appeal. *See Posey, 966 S.W.2d at 61* fn. 6.

Article 36.14 is one of the statutory provisions referenced in article 36.19. Article 36.14 provides in part that the trial court shall include in the jury charge "the law applicable to the case." The question is whether article 37.07 § 3(a), is "law applicable to the case" and thus subject to *sua sponte* submission.

■ We have said that article 37.07 § 3(a), *Evidence of Prior Criminal Record*

---

4. In *Mitchell, supra,* a non-capital case, five judges held the defendant was entitled to have the jury instructed at punishment, upon request, that they shall not consider the extraneous offense and bad act evidence unless convinced beyond a reasonable doubt of the defendant's culpability for such offenses and acts. *Mitchell*, 931 S.W.2d at 954 (2–judge plurality), *id.* at 955 (Clinton, J., concurring) and *id.* at 955–57 (Meyers, J., joined by Clinton and Maloney, J.J., concurring).

5. Code of Criminal Procedure article 36.19 provides in part:

    Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial.....

6. In *Posey*, the defendant did not request a mistake-of-fact instruction or object to its omission in the jury charge, but claimed on appeal that the trial court should have *sua sponte* included such instruction. *Id.* at 59. Whether the trial court had a duty to *sua sponte* give the instruction depended upon whether " 'any requirement' of Article 36.14 'ha[d] been disregarded.' " *Id.* at 61. We noted that "[i]f Article 36.14 imposes such a duty, then a trial court 'errs' in failing to *sua sponte* instruct the jury on a defensive issue that is raised by the evidence". *Id.* at 61, fn. 6.

*in all Criminal Cases After a Finding of Guilty,* governs the admissibility of evidence at punishment in all non-capital cases. *See Rogers v. State,* 991 S.W.2d 263, 265 (Tex.Crim.App.1999)("[i]n addition to the Rules of Evidence, article 37.07 section 3(a) governs the admissibility of evidence during the punishment stage"); *see also Kutzner v. State,* 994 S.W.2d 180, 188 (Tex.Crim.App.1999)("[n]on-capital cases are governed by Article 37.07, which requires that extraneous offenses be proven beyond a reasonable doubt"); *see also Sonnier v. State,* 913 S.W.2d 511, 521 fn. 5 (Tex.Crim.App.1995)(noting that article 37.07 "governs the punishment charge in non-capital trials"). While extraneous-offense and bad-act evidence is generally admissible at punishment under section 3(a), we have recognized in unequivocal terms the circumstances in which it can be considered by the jury:

> [E]vidence [of extraneous bad acts and offenses] *may not be considered* in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that [such acts and offenses] are attributable to the defendant. [emphasis supplied] *Once this requirement is met,* the fact-finder may use the evidence however it chooses in assessing punishment.

*Fields,* at 688 (emphasis added). While section 3(a) says nothing about the submission of a jury instruction to this effect, such instruction is logically required if the jury is to consider the extraneous-offense and-bad act evidence under the statutorily prescribed reasonable-doubt standard. Absent such instruction, the jury might apply a standard of proof less than reasonable doubt in its determination of the defendant's connection to such offenses and bad acts, contrary to section 3(a).[7] Section 3(a)'s requirement that the jury be satisfied of the defendant's culpability in the extraneous offenses and bad acts is thus "law applicable to the case" in the non-capital punishment context.[8] *Cf. Arline v. State,* 721 S.W.2d 348, 352 fn. 4 (Tex.Crim. App.1986) (recognizing that "statutorily defined word or phrase must be included in the charge as part of the 'law applicable to the case' "). As this was "law applicable to the case" appellant was not required to make an objection or request under section 3(a) in order for the trial court to instruct the jury thereunder. For this reason, the Court of Appeals was correct to conclude the trial court erroneously failed to instruct the jury under section 3(a).

## C.

◼ Upon concluding the trial court erroneously failed to give the section 3(a) instruction, the Court of Appeals held that because the error implicated constitutional rights, Rule of Appellate Procedure 44.2 rather than *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985)(op. on reh'g), applied in assessing harm. *Id.* at 709–10. The Court of Appeals erred in holding the error implicated constitutional rights. *Section A, supra.* The error in this case derives from statutory violations of articles 36.14 and 37.07, and is purely "charge error" under article 36.19. *Almanza* sets

---

7. In *Posey, supra,* we held that "a defensive issue is not [law]'applicable to the case' for purposes of article 36.14 unless the defendant timely requests the issue or objects to the omission of the issue in the jury charge." *Posey,* 966 S.W.2d at 62. In contrast to a "defense" which depends on the defendant's theory of the case and the evidence presented, applicability of article 37.07 § 3(a) is not contingent on either party's theory of the case. Rather, article 37.07 § 3(a) is a legislatively prescribed burden of proof applicable to extraneous offense and bad act evidence admitted at punishment *in all non-capital cases.*

8. A finding of the defendant's connection to the extraneous offenses and bad acts ensures the relevance of such evidence. In this respect, as well, an instruction requiring such finding and thereby ensuring the relevance of the evidence considered by the jury is "law applicable to the case." *See McFarland v. State,* 928 S.W.2d 482, 523 (Tex.Crim.App.1996)(because emotional plea from capital defendant's relative has no relevance to mitigating evidence, anti-sympathy instruction "is a component of 'the law applicable to the case' for purposes of instructing the jury under Article 36.14").

forth the appropriate harm analysis for charge error under article 36.19.

The judgment of the Court of Appeals is reversed and this case is remanded to that court to consider the question of harm under *Almanza.*

MANSFIELD, J., delivered the concurring opinion.

MANSFIELD, Justice, concurring.

I join the opinion of the majority, reversing the judgment of the court of appeals and remanding this cause for analysis under *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985) (opinion on reh'g).

I would additionally order the court of appeals to determine whether the failure of trial counsel to ask for the instruction as to the State's burden of proof as to extraneous offenses introduced at the punishment phase of appellant's trial amounts to ineffective assistance of counsel[1] to the extent that appellant is entitled to a new punishment hearing.

---

**1.** The standards set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), apply to claims of ineffective assistance of counsel whether at the guilt/innocence phase or the punishment phase of trial. See *Hernandez v. State,* 988 S.W.2d 770 (Tex.Crim.App.1999).