No. 04-96-00837-CR


Vincent HUIZAR,

Appellant


v.


The STATE of Texas,

Appellee


From the 144th Judicial District Court, Bexar County, Texas

Trial Court No. 95-CR-5063

Honorable R.L. Eschenburg, Judge Presiding


Opinion by: Alma L. López, Justice


Sitting en banc: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice (concurring in the judgment only) 

 Karen Angelini, Justice


ON REMAND FROM THE COURT OF CRIMINAL APPEALS


Delivered and Filed: August 30, 2000


AFFIRMED


 Previously, we considered Vincent Huizar's appeal wherein he complained that his trial
attorney was ineffective, in part, for failing to request a reasonable-doubt instruction during the
punishment phase of trial. After examining the totality of the attorney's performance, we determined
that the failure to ask for a reasonable-doubt instruction in the court's punishment charge did not
amount to ineffective assistance of counsel in the absence of authority requiring such an instruction.
See Huizar v. State, 966 S.W.2d 702, 706 (Tex. App.--San Antonio 1998), rev'd, 12 S.W.3d 479
(Tex. Crim. App. 2000). Then, because the State relied on substantial evidence of extraneous
conduct in seeking punishment, and because the prosecutor commented during the State's closing
argument that the State had no burden of proof during the punishment trial, we examined the
necessity of instructing the jury on the burden of proof for extraneous offenses in the punishment
charge. See Huizar v. State, 966 S.W.2d at 707-08. Because article 37.07 of the Code of Criminal
Procedure (the Code) permits the jury to consider evidence of extraneous conduct only when proven
beyond a reasonable doubt, we determined that the jury must be instructed on the burden of proof
whenever the State introduces evidence of extraneous bad acts during the punishment phase of trial.
See id. at 708. Because Huizar's jury had not been instructed, we held that the trial judge erred. Id.
at 709. We next conducted a harm analysis.

 Reasoning that the reasonable-doubt instruction standard is both a state and federal
constitutional right, we then applied Rule 44.2(a) of the rules of appellate procedure and determined
that a substantial amount of extraneous offense evidence prevented us from concluding that the failure
to instruct the jury did not contribute to Huizar's sentence. Id. at 710. As a result, we reversed the
sentencing portion of the trial court's judgment and remanded the case to the trial court for a new
punishment trial. Id.

 On petition for discretionary review, the Court of Criminal Appeals agreed that the trial judge
erred by failing to instruct the jury on the reasonable doubt standard during the punishment phase of
trial, but disagreed that the error implicated constitutional rights. See Huizar v. State, 12 S.W.3d
479, 484 ( Tex. Crim. App. 2000) (op. on reh'g). Specifically, the Court instructed that the error was
derived from violations of sections 36.14 and 37.07 of the Code, and thus the error should be
analyzed under the standard set out in Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985).
See Huizar, 12 S.W.3d at 484-85. The Court then reversed this court's judgment and remanded the
appeal for harm analysis. See id. at 485. We now consider the error under Almanza.

 Under Almanza, the court of appeals reviews a jury charge error according to whether the
error was preserved at trial. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op.
on reh'g). The court of appeals will not reverse error that was not preserved at trial unless the error
was so harmful that the defendant was denied "a fair and impartial trial." Arline v. State, 721 S.W.2d
348, 352 (Tex. Crim. App. 1986). To constitute reversible error, a defendant must have suffered
actual "egregious" harm. Arline, 721 S.W.2d at 351-52. The actual degree of harm must be assayed
"in light of the entire jury charge, the state of the evidence, including contested issues and weight of
probative evidence, the argument of counsel and any other relevant information revealed by the
record of the trial as a whole." Almanza, 686 S.W.2d at 171.

 After reviewing the record of Huizar's trial as a whole, we cannot conclude that Huizar was
denied a fair and impartial trial. While a sentence of 99 years may seem to be egregious harm that
requires reversal, the sentence is within the range of punishment for aggravated sexual assault. As a
result, we conclude that the failure to instruct the jury on the reasonable-doubt standard during the
punishment phase of trial was harmless under Almanza.

 We now affirm the sentencing portion of the trial court's judgment. Although Justice
Mansfield opined in a concurring opinion that he would order this court to determine whether trial
counsel's failure to request a reasonable-doubt instruction during punishment phase amounted to
ineffective assistance of counsel, the Court's decision on remand, as well as the Court's decision in
Thompson v. State, make ineffective assistance of counsel a moot consideration. See Thompson v.
State, 9 S.W.2d 808, 814 (Tex. Crim. App. 1999) (cautioning courts of appeals to be "especially
hesitant [about declaring] counsel ineffective based on a single alleged miscalculation during what
amounts to otherwise satisfactory representation, especially when the record provides no discernible
explanation of the motivation behind counsel's actions").


 Alma L. López, Justice

PUBLISH