NO. 07-03-0159-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 23, 2003



______________________________


 

KIMELA BECKER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 44244-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Kimela Becker filed a notice of appeal from her conviction in the 181st
District Court of Potter County. The appeal was previously abated and remanded to the
trial court for further proceedings. 

 Pursuant to the abatement and remand, the trial court held a hearing attended by
appellant and her counsel. During the hearing appellant and her counsel advised the trial
court that she no longer desired to appeal. A reporter's record of the hearing and a
supplemental clerk's record containing the trial court's findings and recommendations have
been filed with the appellate clerk. 

 The appeal is dismissed. The appeal having been dismissed pursuant to
appellant's request, no motion for rehearing will be entertained. Mandate will issue
forthwith. 

 Phil Johnson

 Chief Justice



Do not publish. 




_____


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Jeromy Keith Bristow, appeals his sentence of 20 years confinement in
the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). We
affirm.
Background 
          On March 13, 2007, appellant and Jonathan McSmith were together with Larry
Hattig in a home located in Amarillo, Texas. While at the home, appellant had a gun and,
while “messing” with the gun, shot and killed McSmith. Appellant was charged with
murder.
          At trial, appellant was found guilty of the lesser-included charge of manslaughter
and went to the jury for punishment. During the punishment proceedings, the State
presented evidence of appellant’s prior adjudicated offenses including burglary of a
building, possession of marihuana, and discharge of a firearm inside a municipality. 
Additionally, upon cross-examination of appellant, the State made statements that raised
the issue of appellant having a “gang mentality” and that appellant had failed to be
rehabilitated because, after his release from the Texas Youth Commission, appellant was
“out on the street buying guns, buying ammunition, having drugs, and shooting people.” 
The jury was then charged and, after deliberations, returned with a sentence of 20 years
in ID-TDCJ. 
          Appellant appeals contending that the trial court erred in failing to charge the jury
during the punishment proceeding that, before it can consider acts and offenses in
assessing punishment, the trier of fact must believe beyond a reasonable doubt that the
acts and offenses are attributable to appellant. We affirm the judgment of the trial court. 
 Law and Analysis
          Under article 37.07 of the Texas Code of Criminal Procedure, “evidence may be
offered . . . of an extraneous crime or bad act that is shown beyond a reasonable doubt by
evidence to have been committed by the defendant or for which he could be held criminally
responsible . . . .” Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a) (Vernon Supp. 2008). 
When the State admits such evidence, the trial court shall instruct the jury as to the
reasonable doubt standard. See Huizar v. State, 12 S.W.3d 479, 483 (Tex.Crim.App.
2000). If the trial court fails to provide a charge as to the reasonable doubt standard, the
charge error shall be analyzed for harm under article 36.19. Id. at 484-85. The judgment
shall not be reversed unless the error appearing from the record was calculated to injure
the rights of appellant, or unless it appears from the record that appellant has not had a
fair and impartial trial. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006). Almanza v.
State, 686 S.W.2d 157 (Tex.Crim.App. 1984), sets forth the appropriate harm analysis for
charge error under article 36.19. Huizar, 12 S.W.3d at 484-85. As such, appellant will
obtain a reversal only if the error is so egregious as to create such harm that he has not
had a fair and impartial trial. See Almanza, 686 S.W.2d at 171. The actual degree of harm
must be assayed in light of the entire jury charge, the state of the evidence, including the
contested issues and weight of probative evidence, the argument of counsel and any other
relevant information revealed by the record of the trial as a whole. Id. 
          In this case it is clear that the trial court did not provide an instruction on reasonable
doubt. However, for the adjudicated offenses of burglary, possession of marihuana, and
discharge of a firearm, no instruction was necessary since a judge or jury has already
made a determination of guilt beyond a reasonable doubt in a prior proceeding. See Bluitt
v. State, 137 S.W.3d 51, 54 (Tex.Crim.App. 2004).
          However, appellant contends that the bad acts of “gang mentality,” possession of
drugs, purchasing guns and ammunition, and shooting at people were acts raised by the
State as unadjudicated offenses. Without a reasonable doubt instruction contained in the
charge, the possibility existed that “a jury might apply a standard of proof less than
reasonable doubt in its determination of [appellant’s] connection to such offenses and bad
acts, contrary to [article 37.07] section 3(a).” Huizar, 12 S.W.3d at 484. Appellant
contends that the trial court erred in not including a reasonable doubt charge instruction
within the punishment charge as it relates to these unadjudicated offenses. 
          However, upon reviewing the record in order to assay the degree of harm, we find
that the record, as a whole, demonstrates that any harm suffered by appellant was not so
egregious as to cause appellant to be denied a fair and impartial trial. During the
punishment phase, the testimony and closing argument focused on the adjudicated
offenses. Further, the State’s mention of “gang mentality” and the purchases of guns and
ammunition was raised in the form of a question without further probing. Additionally, the
State’s closing statement did not delve into the unadjudicated offenses. Taking into
consideration the entire record at punishment, we conclude that the degree of harm was
not egregious. Almanza, 686 S.W.2d at 171. We overrule appellant’s issue.
Conclusion
          For the foregoing reasons, we affirm the judgment of the trial court.  
 
                                                                Mackey K. Hancock

                  Justice



Do not publish.