In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00066-CV
______________________________


KARNACK INDEPENDENT SCHOOL DISTRICT, Appellant
Â 
V.
Â 
RONNIE THOMAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2003-6282


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â The Karnack Independent School District has filed a motion asking this Court to
dismiss its appeal. Pursuant to Tex. R. App. P. 42.1(a)(1), we grant the motion.
Â Â Â Â Â Â Â Â Â Â We dismiss the appeal.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice



Date Submitted: Â Â Â Â Â August 9, 2004
Date Decided: Â Â Â Â Â Â Â Â August 10, 2004



offenses that were not final convictions. 
These extraneous offenses occurred after his arrest and while he was out on bail in this case. Both
arose out of a videotaped vehicular chase, during which Hart evaded arrest with a vehicle and then
was found in possession of a vial of what was later determined to be methamphetamine.

 On February 17, 2004, Texarkana, Texas, Police Officer Shawn Jacobs attempted to stop a
vehicle with expired tags. The driver (Hart) attempted to escape. After a car chase, Hart stopped
the car, jumped out, and ran into a wooded area--where, in the darkness, he ran headlong into an
overhanging tree, knocking himself to the ground where Jacobs caught up with him. Jacobs kept
Hart on the ground until a backup officer, Jeffrey Johnston, arrived and they could handcuff Hart,
who was yelling and screaming throughout the incident into his cellular telephone about how he was
being hurt by the officers. Incident to Hart's arrest, officers searched him and found in Hart's pocket
a vial containing what proved to be methamphetamine.

 Johnston testified that the vial was sent to the laboratory for testing and was determined to
contain methamphetamine. This evidence came in without objection. Counsel objected to the
evidence later on cross-examination when he discovered that Johnston had not personally analyzed
the contents of the vial. The objection and request to strike was overruled. 

 Our review of the record shows that the six prior convictions were effectively proven by
testimony and documents showing the convictions and by testimony from Hart's community
supervision officer connecting Hart to the convictions. There was no contrary proof or uncertainty
injected into the proceedings as to those six convictions. The proof of Hart's attempt to escape police
pursuit was shown by video evidence, and there was no evidence to the contrary. The substance in
the vial was tested by a laboratory and determined to contain methamphetamine. Except for the fact
that Johnston had not personally tested the vial's contents but had sent it to a laboratory for analysis,
no evidence cast doubt on any of the extraneous offenses.

 The trial court's punishment jury charge did not mention any extraneous offenses. The
extraneous offenses were the focus of the State's closing arguments, with special attention being paid
to the last offenses, as they occurred after Hart's arrest and before his trial in the current prosecution. 
The punishment assessed for manufacture of a controlled substance could have ranged from five to
ninety-nine years or life, along with a maximum fine of up to $10,000.00. The State asked the jury
to assess Hart's punishment at twenty-five years. Hart's defense counsel waived any closing
argument. The jury assessed his punishment at thirty years, and a fine of $10,000.00.

 It was apparent from the trial that Hart has a long history of minor drug offenses and minor
assaultive offenses. The evidence suggests that he had now graduated to a higher level of offense,
not merely possessing small amounts of marihuana, but making somewhat larger amounts of
methamphetamine. The evidence of six prior convictions and of his later attempt to elude police
pursuit was strong and, in the complete absence of any evidence to suggest that he had not
committed those offenses, is clearly well beyond the reasonable-doubt standard. Two of his prior
convictions had resulted in community supervision, which was later revoked in each case. Two
other prior offenses involved convictions for family violence. Thus, the absence of the charge on
those matters cannot reach the egregious-harm standard. The prison time assessed, although
substantial, was less than one-third of the maximum sentence. 

 We conclude that the one piece of evidence that was in any way questioned by Hart's
counsel--that is, the contents of a small vial--is not of such impact (in the context of his extensive
criminal history and in light of the officer's testimony) to convince us that the absence of such an
instruction as to that single matter would result in such egregious harm as to make us doubt the
veracity of the punishment assessed.

 We affirm the judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 19, 2009

Date Decided: March 5, 2009


Do Not Publish
1. See Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003).
2. This is authorized by law if the defendant initially appeared but absented himself or herself
after pleading to the indictment or information or after jury selection in a jury trial. See Tex. Code
Crim. Proc. Ann. art. 33.03 (Vernon 2006).
3. Because these eight acts were not alleged in the indictments, the testimony regarding these
acts amounts to evidence of extraneous offenses. See Vernon v. State, 841 S.W.2d 407, 410-11
(Tex. Crim. App. 1992). Therefore, at punishment, the trial court was required to give a reasonable
doubt instruction regarding them. See Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000);
Zarco v. State, 210 S.W.3d 816, 821 (Tex. App.--Houston [14th Dist.] 2006, no pet.). Its failure
to instruct the jury accordingly was error. See Huizar, 12 S.W.3d at 484.
4. At the punishment phase of a criminal trial, the State may introduce evidence of "an
extraneous crime or bad act that is shown beyond a reasonable doubt." Tex. Code Crim. Proc.
Ann. art. 37.07, Â§ 3(a)(1) (Vernon Supp. 2008). This standard of proof is law applicable to the case. 
Huizar, 12 S.W.3d at 484.