COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-416-CR

NO. 2-05-417-CR

NO. 2-05-418-CR

NO. 2-05-419-CR

GERARDO CEJA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Gerardo Ceja pled guilty to three counts of delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver.  A jury assessed his punishment at fifteen years’ confinement on each delivery offense and two years, probated, on the remaining count.  The trial court sentenced Appellant accordingly.

In one issue, Appellant contends that the trial court erred by admitting extraneous offense evidence during the punishment phase without sua sponte instructing the jury that it could not consider the evidence in assessing punishment unless it first found beyond a reasonable doubt that Appellant committed such acts.
(footnote: 2)  Because Appellant lodged no request or objection at trial to the alleged omission of the instruction, he further contends that the alleged error caused egregious harm.

While it is true that the trial court did not give the required instruction at the same time that each item of evidence was admitted, the trial court did sua sponte include the proper instruction in the jury charge.
(footnote: 3)  Appellant points to no authority, nor do we know of any, requiring a contemporaneous instruction.
(footnote: 4)  Consequently, we hold that the trial court did not err; we therefore do not reach the egregious harm analysis for jury charge error under 
Almanza
.
(footnote: 5)
 We overrule Appellant’s sole issue and affirm the trial court’s judgments.

PER CURIAM 

PANEL F: DAUPHINOT, J; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 7, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Huizar v. State
, 12 S.W.3d 479, 484-85 (Tex. Crim. App. 2000) (op. on reh’g).

3:
See id.

4:
See Jackson v. State
, 992 S.W.2d 469, 477 (Tex. Crim. App. 1999) (holding in a capital case that the trial court is not required to give an instruction on the burden of proof at the time evidence of unadjudicated offenses is admitted).

5:
See Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); 
Almanza v. State
, 686 S.W.2d 157, 171-72 (Tex. Crim. App. 1985) (op. on reh’g).