COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-416-CR

                                        NO.
2-05-417-CR

                                        NO.
2-05-418-CR

                                        NO.
2-05-419-CR

 

GERARDO CEJA                                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Gerardo Ceja pled
guilty to three counts of delivery of a controlled substance and one count of
possession of a controlled substance with intent to deliver.  A jury assessed his punishment at fifteen
years= confinement on each delivery offense and two years, probated, on the
remaining count.  The trial court
sentenced Appellant accordingly.

In one issue, Appellant
contends that the trial court erred by admitting extraneous offense evidence
during the punishment phase without sua sponte instructing the jury that it
could not consider the evidence in assessing punishment unless it first found beyond
a reasonable doubt that Appellant committed such acts.[2]  Because Appellant lodged no request or
objection at trial to the alleged omission of the instruction, he further
contends that the alleged error caused egregious harm.








While it is true that the
trial court did not give the required instruction at the same time that each
item of evidence was admitted, the trial court did sua sponte include the
proper instruction in the jury charge.[3]  Appellant points to no authority, nor do we
know of any, requiring a contemporaneous instruction.[4]  Consequently, we hold that the trial court
did not err; we therefore do not reach the egregious harm analysis for jury
charge error under Almanza.[5]

We overrule Appellant=s sole issue and affirm the trial court=s judgments.

 

PER CURIAM 

PANEL F:    DAUPHINOT, J; CAYCE,
C.J.; and MCCOY, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
December 7, 2006











[1]See Tex.
R. App. P. 47.4.





[2]See Huizar v. State, 12 S.W.3d 479, 484-85 (Tex. Crim.
App. 2000) (op. on reh=g).





[3]See id.





[4]See Jackson v. State, 992 S.W.2d 469, 477 (Tex. Crim.
App. 1999) (holding in a capital case that the trial court is not required to
give an instruction on the burden of proof at the time evidence of
unadjudicated offenses is admitted).





[5]See Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim.
App. 1994); Almanza v. State, 686 S.W.2d 157, 171‑72 (Tex. Crim.
App. 1985) (op. on reh=g).