In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00197-CR

                                                ______________________________

 

 

                                           KEVIN HOGUE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the County
Court at Law No. 2

                                                              Hunt County, Texas

                                                        Trial Court
No. CR0900774

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            After
having been observed exceeding the speed limit in a school zone, Kevin Hogue
was pulled over by peace officers and subsequently charged with misdemeanor
driving while intoxicated.  A Hunt County
jury convicted Hogue of the charge and then assessed punishment at 180 days’
confinement in the county jail.   In its
punishment charge to the jury, the trial court failed to instruct the jury that
any extraneous offenses must be proven beyond a reasonable doubt.   Finding this error did not cause egregious
harm to Hogue, we affirm the trial court’s judgment and sentence.   

            At
the punishment stage of Hogue’s trial, the State offered (without objection
from Hogue) documents establishing prior misdemeanor charges to which Hogue had
pled guilty, these being admitted into evidence.  The State did not elect to present any
further evidence.  Hogue then took the
stand and asked the jury to suspend any sentence and recommend community
supervision.  During his testimony, he
indicated that consumption of alcohol was part of his lifestyle.  During the course of the State’s
cross-examination, Hogue was asked how he intended to curtail his alcohol
drinking if he was placed on community supervision (as that would be one of the
court’s requirements of supervision).  Hogue
said he would just “[q]uit.”  When the
State asked him how he would quit, Hogue responded that he had avoided alcohol
for a period of two years after he had wrecked his truck in 1994.  The State then asked how he had wrecked his
truck.  Hogue’s answer:  “Drunk.”[1]  

            On
appeal, Hogue argues that his gratuitous admission of having wrecked his
vehicle while drunk constituted evidence of an extraneous offense or bad act,
and, therefore, the trial court should have instructed the jury that it could
not consider any such conduct unless convinced such bad act was proven beyond a
reasonable doubt.  See Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(a) (Vernon Supp. 2009); Huizar v. State, 12
S.W.3d 479, 484 (Tex. Crim. App. 2000). 
A defendant is entitled to have the jury receive a reasonable doubt
instruction regarding extraneous offenses without request.  Huizar, 12 S.W.3d at 484.  It is error if the trial court fails to apply
this jury instruction sua sponte when it is appropriate to do so.  Id.  Hogue did not request such an instruction and
did not otherwise object to the jury charge; absent such an objection or
request, we will not reverse on this point of error unless the record
demonstrates resulting egregious harm to him under the standard set out in Almanza.  Ngo v.
State, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005) (citing Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g)); Mathonican v. State, 194 S.W.3d 59, 62,
66 (Tex. App.––Texarkana 2006, no pet.).[2]

            Under
Almanza, the record must show that
Hogue suffered actual, rather than merely theoretical, harm from jury
instruction error.  Ngo, 175 S.W.3d at 750.  “[E]rrors
which result in egregious harm are those which affect ‘the very basis of the
case,’ deprive the defendant of a ‘valuable right,’ or ‘vitally affect a
defensive theory.’”  Hutch v. State, 922
S.W.2d 166, 171 (Tex. Crim. App. 1996) (quoting Almanza, 686 S.W.2d at 172).  In making an egregious harm determination, we
evaluate (1) the entire jury charge, (2) the state of the evidence, including
the contested issues and weight of probative evidence, (3) the arguments of counsel,
and (4) any other relevant information revealed by the record as a whole.  Almanza,
686 S.W.2d at 171.  

Almanza Analysis

            We
first consider the charge as a whole; except for the omission of an instruction
that extraneous acts must be proved beyond a reasonable doubt, Hogue’s jury
charge on punishment was legally adequate.[3]  We next consider the state of the
evidence.  The evidence from the
guilt/innocence phase of trial was available for the jury’s consideration at
punishment.  Wright v. State, 212 S.W.3d 768, 776 (Tex. App.––Austin 2006, pet.
ref’d).  Although the State did not
explicitly re-offer the evidence from the first phase of trial, such act is not
required.  Trevino v. State, 100 S.W.3d 232, 238 (Tex. Crim. App. 2003).  At guilt/innocence, the State proved that
shortly after his arrest, Intoxilyzer results showed Hogue had breath-alcohol
contents of .200 and .205, well above the legal limit of .08.  Hogue told the arresting officer that he (Hogue)
had a drinking problem and that it was a good thing he had been arrested.  Hogue was stopped for speeding in a school
zone, going fifty-three miles per hour where the limit was thirty-five.  His eyes were glassy and bloodshot; his
speech slightly slurred; and he could not successfully complete the field
sobriety tests asked of him.  The only
contrary evidence was the opinion of Hogue’s passenger.  At the time of the traffic stop, Hogue was
driving an elderly woman for whom he worked to the doctor.  She opined he was not drunk at the time of
the stop, although she acknowledged he had drunk two beers between 11:00 a.m.
and about 2:50 p.m.  Obviously, the jury
could consider Hogue’s admission he had had one wreck previously while
intoxicated.   

            As
for argument of counsel, the State did not mention Hogue’s admission in closing
argument; only in rebuttal argument did the State reference Hogue’s statement
and then only briefly.  The State
requested a sentence near the high end of the range of punishment, “from like
90 to 180 [days].”  

Egregious Harm Not Shown

            Hogue
has not demonstrated there was actual harm and not just theoretical harm by the
absence of the proper instruction in the punishment charge.  See
Dickey v. State, 22 S.W.3d 490, 492
(Tex. Crim. App. 1999).  We cannot say that
he was deprived of any valuable right or that the charge error affected the
very basis of the case or vitally affected any defensive theory.  We overrule Hogue’s point of error and affirm
the judgment of the trial court. 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May
7, 2010

Date Decided:             May
10, 2010

 

Do Not Publish           











[1]One
observes that there were numerous ways that Hogue could have made this
response, such as by describing the nature of the wreck.  The statement that he had been intoxicated at
the time in response to the question which was asked appears to have been
nothing more than an unsolicited admission.

 





[2]In
analyzing a jury charge complaint, we first determine whether error exists in
the charge and, then, if there was error, whether sufficient harm resulted from
the error to compel reversal.  Ngo, 175 S.W.3d at 743–44.  If error occurs because of a failure to
properly instruct the jury, the standard of review depends on whether the
defendant lodged a proper objection.  If
a proper objection was raised, reversal is required if the error is “calculated
to injure the rights of defendant.”  Almanza, 686 S.W.2d at 171.  In other words, an error that has been properly
preserved is reversible unless it is harmless.  Id.  If a defendant does not object to the charge,
reversal is required only if the harm is so egregious that the defendant has
not had a fair and impartial trial.  Rudd v. State, 921 S.W.2d 370, 373 (Tex.
App.––Texarkana 1996, pet. ref’d). 

 





[3]Although
the charge contains language instructing the jury not to consider Hogue’s failure
to testify as evidence against him, when the trial court read the charge to the
jury, it told the jury that paragraph did not apply because Hogue in fact
testified.