**Affirmed and Opinion Filed January 21, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00426-CR

### KASSANDRA MARTINEZ-HERNANDEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 2
### Dallas County, Texas
### Trial Court Cause No. F13-56452-I

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

Kassandra Martinez-Hernandez appeals her conviction for manslaughter. Appellant was indicted for the murder of her twenty-two-year-old cousin, Yunuel Aguilar. After finding her guilty of the lesser included offense of manslaughter, the jury assessed punishment at twenty years in prison and a $10,000 fine. We affirm.

In her sole issue, appellant claims the trial court erred at the punishment phase of the trial by failing to properly instruct the jury on the law regarding extraneous offenses and bad acts. Specifically, appellant asserts the trial court did not instruct the jury it could only consider extraneous offenses and bad acts if the jury found beyond a reasonable doubt that such acts and offenses were attributable to her. Appellant argues the jury charge failed to impose any burden of proof on the State, the State's evidence in its case in chief was "weak," the prosecutor's

repeatedly emphasized the fighting incident, and the jury assessed the maximum sentence, all of which indicate appellant was egregiously harmed. We cannot agree.

During the punishment phase of the trial, the State introduced evidence that, while awaiting trial, appellant fought with a fellow inmate. The jury charge at punishment did not contain an instruction regarding the burden of proof for evidence of extraneous offenses or bad acts admitted at punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2014). The trial court's failure to include the instruction is error. *See Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). Because appellant did not object to the jury charge, we will sustain the complaint only if the record shows the error was so egregiously harmful that appellant was denied a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). In evaluating harm, we consider the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record. *See id.*

Although the jury charge was erroneous and the prosecutor mentioned the jail fight during closing, the State's evidence at trial was not weak. At guilt/innocence, the jury heard the detailed testimony of Yunuel's sisters, Annabella and Jessica. Each recounted how, on the night in question, the four women drove in appellant's black Passat to Viviana's Bar off Royal Lane where they worked as hostesses. During the evening, the three sisters noticed appellant was angry and ignoring them. When it was time to leave, appellant would not give Annabella or Jessica the key to her car where they had left cellphones and purses. Instead, she left them at the club, and the three had to ask bar patrons for rides. After leaving the club, they saw her at a nearby gas station in her car with the windows down. The driver of the suburban Jessica was riding in pulled up parallel to appellant's car; Jessica tried to talk to appellant but appellant ignored her and, instead, asked the man who was driving for gas money. When Annabella and

Yunuel arrived, they approached appellant and asked her to open the trunk so they could get their property. After appellant opened the trunk, Yunuel got the purses and slammed the trunk closed. Appellant said, "Oh, yeah," put the car in reverse, and gunned the engine. Annabella said the car accelerated "very fast," but she was able to jump to the side. She shouted at appellant that Yunuel was behind the car, but appellant did not stop. Yunuel was carried backward, then dragged under and eventually run over by the car. Annabella ran toward the Passat, yelling at appellant that she had run over Yunuel. Appellant stopped briefly, looked at Annabella, then put the car in gear and drove off. Yunuel, who was three months pregnant, died from her injuries.

In addition to this testimony, the jury saw appellant's interview approximately three hours after Yunuel was run over. In the video, appellant is calm and unemotional. She claimed she did not know Yunuel had been standing behind her car and had no idea she hit her. According to appellant, she could not drive forward because there was a car blocking her in, so she "did reverse and did not see [Yunuel]." No one tried to stop her, and she did not feel the impact. She claimed she did not hear anything because her windows were rolled up. She drove home and went to bed.

The jury also viewed the videotape from the gas station which shows appellant arriving at the gas station. Later, a white suburban pulls in, stopping parallel to appellant's car. Finally, a white pickup parks parallel to the white suburban, and Yunuel and Annabella exit the truck. The next video shows Yunuel and Annabella standing behind appellant's car which suddenly accelerates backward. Annabella jumps to the side, but Yunuel is carried backward, then disappears from view. She reappears when her body is forcefully run over by the Passat. Appellant stops, then puts the car in gear and drives off.

In light of the evidence supporting appellant's conviction at guilt/innocence, the State's case for punishment was not significantly more persuasive because of the lack of the instruction.

–3–

And it is likely the jury assessed appellant's punishment on the facts surrounding her offense. *See Allen v. State*, 47 S.W.3d 47, 52 (Tex. App.—Fort Worth 2001, pet. ref'd) ("Given appellant's reckless disregard for human life as demonstrated by the present offense, it is very plausible that the jury sentenced appellant to twenty years' confinement on the facts of the convicted crime alone."). After reviewing the entire record, including the jury charge, the evidence, and the closing arguments, we conclude appellant has not demonstrated how the trial court's error was so egregious and created such harm that she has not had a fair and impartial trial. We overrule her sole issue.

We affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47.2(b)
140426F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KASSANDRA MARTINEZ-
HERNANDEZ, Appellant

No. 05-14-00426-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F13-56452-I.
Opinion delivered by Justice Francis,
Justices Evans and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 21, 2015.