

IN THE
TENTH COURT OF APPEALS

No. 10-14-00229-CR

**JAMES TYRONE RIGGS,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

**From the 66th District Court
Hill County, Texas
Trial Court No. 38026**

## CONCURRING AND DISSENTING OPINION

I join the majority opinion on issues one, two, and three, and I concur in the disposition of issue four, but I disagree with issue five's disposition.

Riggs allegedly fled from a police officer who was pursuing him because Riggs was wanted on a Class C warrant and his driver's license was suspended. The car chase lasted less than a minute and covered four-tenths of a mile. It ended when Riggs parked in his own backyard, got out of his car, and immediately walked to the patrol car. There was no injury or property damage. Riggs was charged with the third-degree felony of

evading arrest or detention with a vehicle, which has a punishment range of two to ten years. TEX. PENAL CODE ANN. § 12.34 (West 2011), § 38.04(a), (b)(2)(A) (West Supp. 2015).

Riggs was also charged as a habitual felon. He pled "true" to two prior felony convictions (a 1990 conviction for delivery of a controlled substance and a 1993 conviction for possession of a prohibited weapon). He pled "not true" to a 2005 felony conviction for possession of a firearm by a felon, but the jury found it "true." These prior non-violent felonies enhanced the punishment range to 25 to 99 years or life. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015).

Wendell Harris testified that, after a verbal confrontation with Riggs and his two sons stemming from Riggs's oldest son's past affair with Harris's wife, he heard a gunshot that struck him in the right hand. Harris turned around and saw Riggs pointing a gun at him, and as he fled, Riggs kept shooting at him.[1] Leslie Johnson, Harris's cousin, said she saw Riggs shoot Harris. Johnson admitted she had a "back and forth" relationship with Riggs's nephew and she had "messed around" with one of Riggs's sons.

Riggs testified that the verbal confrontation with Harris was because Harris had been "meddling" with Riggs's son who had had an affair with Harris's wife. Riggs said that he himself had also had a relationship with Harris's wife. Riggs testified that he did not have a gun that night. He said that because Harris was cussing him and his sons, he turned to go away and told his sons to come with him, and then he heard two shots and everyone ran. Riggs testified that he was not guilty of shooting Harris.

---

[1] Harris's and Riggs's testimony indicate that Riggs had been charged with aggravated assault with a deadly weapon and that the case had not yet gone to trial.

The trial court must give a reasonable-doubt instruction at punishment, even if not requested, regarding extraneous-offense evidence; the trial court must instruct the jury that the extraneous-offense evidence may not be considered in assessing punishment until the jury is satisfied beyond a reasonable doubt that the offense is attributable to the defendant. *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (op. on reh'g). This instruction is especially important when the defendant, like Riggs, testifies and denies committing the extraneous offense.

The trial court failed to give a reasonable-doubt instruction, and Riggs, age 59, was given a 65-year prison sentence for what otherwise would have been a non-violent third-degree felony. *Cf. Graves v. State,* 176 S.W.3d 422, 435 (Tex. App.—Houston [1st Dist.] 2004, pet. struck) (finding error harmless in part because defendant received 8-year sentence, "far below the maximum, and only three years above the minimum"). Because I believe that the totality of the record shows that Riggs suffered egregious harm from the trial court's error in failing to provide a reasonable-doubt instruction in the punishment charge for the controverted extraneous offense of aggravated assault with a deadly weapon, I respectfully dissent. I would sustain issue five and remand the case for a new punishment hearing.

REX D. DAVIS
Justice

Concurring and dissenting opinion delivered and filed December 10, 2015
Publish