**AFFIRM; and Opinion Filed May 17, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

**No. 05-18-00507-CR**
_____

**KYLE HAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. M1535636**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

The jury found appellant Kyle Han guilty of driving while intoxicated (DWI) and assessed his punishment at 120 days in jail and a $100 fine. Appellant raises two issues in this Court, contending that—during the punishment phase of trial—the trial court incorrectly (1) instructed the jury on the range of punishment and (2) failed to instruct the jury on the reasonable doubt standard that applies to extraneous offenses. We affirm.

### Background

Appellant was arrested for DWI after he wrecked his car and failed sobriety tests. The jury found him guilty. Appellant was the only witness during the punishment phase of trial. He testified that this was his first DWI arrest and that he had altered his drinking behavior so he would never have another. He also testified that he had incurred significant costs on account of his arrest and

its aftermath, including his bond, an impound fee for his car, attorney's fees, and installation and maintenance of an ignition interlock system in his car. In the end the jury assessed his punishment at 120 days in jail and a fine of $100.

This appeal followed.

## Erroneous Instruction on Range of Punishment

In his first issue, appellant argues that the trial court incorrectly instructed the jury on the range of punishment. He was charged with a Class B misdemeanor. The trial court's range of punishment instruction stated:

> You are instructed that the punishment as provided by law for said offense is by confinement in the county jail for a term of not less than 72 hours nor more than 180 days *and* by a fine not to exceed to $2000. (Emphasis added.)

Thus, jurors were told in this instruction to assess a punishment that included both a jail term *and* a fine. The penal code's provision for punishment of a Class B misdemeanor differs from the trial court's instruction:

> An individual adjudged guilty of a Class B misdemeanor shall be punished by:
>
> (1) a fine not to exceed $2,000;
>
> (2) confinement in jail for a term not to exceed 180 days; *or*
>
> (3) both such fine and confinement.

TEX. PENAL CODE ANN. § 12.22 (emphasis added). Appellant is correct that imposition of a fine is optional rather than required by statute. We agree that the court's instruction was erroneous.

However, appellant did not object to the court's instruction. Accordingly, we cannot reverse the trial court's judgment based on this error unless appellant suffered egregious harm. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)). "Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id.*

–2–

Appellant argues he was harmed because the jury imposed both confinement and "a relatively low fine." He asserts that his strategy during punishment was to emphasize the heavy financial toll he had already borne because of his arrest and prosecution. He contends the jury's assessment of only a $100 fine signaled that jurors were attempting to minimize the financial impact of their sentence and that, with a correct charge, it was likely they would not have imposed a fine at all.

We conclude the instruction did not cause appellant egregious harm. The verdict form that was included in the charge offered the jury the choices intended by the statute:  a fine, confinement, or both. The form included alternative verdict responses, either of which the foreperson could sign on behalf of the panel. The first possible response read:

> We, the jury, having heretofore found the defendant guilty, as charged in the information, assess the defendant's punishment at confinement in the county jail for _____ days or _____ hours and by a fine of $_____.

This response was followed by the conjunction "or," which was in turn followed by the second possible response:

> We, the jury, having heretofore found the defendant guilty, as charged in the information, assess the defendant's punishment at confinement in the county jail for _____ days or _____ hours.

This second response gave the jury the clear choice to assess punishment by confinement without imposition of a fine.

Nor was the jury left on its own to discern the difference between the verdict responses. After the trial judge read the entire punishment charge to the jury, he addressed the verdict form in more detail, saying:

> Really quickly, ladies and gentlemen, I just wanted to go over the verdict form with you, and the first verdict form mentions -- there's a slot where you can put the days or it's divided into hours and you can assess a fine in this first little slot.

> The second is if you decide not to assess a fine, then you can fill out the bottom half of the sheet of paper. So that's just how the verdict form reads.

Appellant's counsel also conveyed to the jurors that a fine was not mandatory when, in his closing argument, he asked them to respond with "a fine of zero or not to exceed $250."

We conclude that the jury's punishment options were clearly explained and those options conformed to the statutory punishment range. The trial court's erroneous instruction did not affect the basis of the case in any way, did not deprive the defendant of any valuable right, and did not vitally affect any defensive theory. *See Marshall*, 479 S.W.3d at 843. Appellant did not suffer egregious harm as a result of that instruction.

We overrule appellant's first issue.

### Omission of Reasonable Doubt Instruction

In his second issue, appellant argues the trial court also erred by failing to include within the punishment charge an instruction explaining the reasonable doubt standard associated with extraneous offenses. During appellant's testimony, the prosecutor asked whether he had ever been unable to start his car—which was equipped with an ignition interlock system while he was on bond—because he had alcohol on his breath. Appellant answered no and denied that the device had ever prevented his starting the car. The prosecutor asked appellant again about the device registering alcohol on his breath when he tried to start his car, and he responded, "Never." On redirect, appellant's attorney asked if he remembered coming before the judge "because of an issue with your Interlock device." This time appellant remembered the occasion. And although he did not remember the exact measurement of his alcohol content (.03 according to his attorney) or what the judge had told him, he did remember the incident. In closing, the prosecutor commented that it was alarming that appellant did not remember what the judge had told him when he had "messed up," and she argued for a sentence that would make an impact upon him.

During the punishment phase of a trial, evidence of an extraneous crime or bad act is admissible for any relevant purpose so long as the crime or act "is shown beyond a reasonable doubt by evidence to have been committed by the defendant." TEX. CODE. CRIM. PROC. ANN. art. 37.07 § 3(a)(1). The trial judge must *sua sponte* instruct the jury that the State must prove any extraneous offense beyond a reasonable doubt. *Delgado v. State*, 235 S.W.3d 244, 252 (Tex. Crim. App. 2007). The trial judge did not instruct the jury in this case that any extraneous offense alleged must be proved beyond a reasonable doubt. The State agrees with appellant that the judge's failure to do so was error. But appellant did not object to the omission of the reasonable doubt instruction. We can only reverse, therefore, if the error caused him egregious harm. *Marshall*, 479 S.W.3d at 843.

We conclude that omission of the reasonable doubt instruction did not deprive appellant of a fair and impartial trial. *See Almanza*, 686 S.W.2d at 172 ("An independent basis for reversal arises if the error, even though not timely objected to, is so egregious and creates such harm that it deprives the accused of a 'fair and impartial trial.'"). The purpose of the omitted instruction is to prevent the jury, when it is determining punishment, from considering any extraneous offense unless it first decides beyond a reasonable doubt that the defendant committed the offense. *Zarco v. State*, 210 S.W.3d 816, 823 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Absent such an instruction, the jury might apply a lesser standard of proof in its determination of the defendant's "connection" to the offense or bad act. *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). But in this case, the jury was not at risk of applying a lesser standard when it determined appellant's connection to the bond violation—appellant admitted the violation, i.e., that the ignition interlock device prevented his car's starting once because he had alcohol on his breath. Because no risk of misapplication of the standard of proof existed, appellant was not egregiously harmed by the absence of the reasonable doubt instruction.

We overrule appellant's second issue.

## Conclusion

We affirm the trial court's judgment.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

180507F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KYLE HAN, Appellant

No. 05-18-00507-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 3, Dallas County, Texas
Trial Court Cause No. M1535636.
Opinion delivered by Justice Pedersen, III.
Justices Whitehill and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of May, 2019.