Opinion issued November 18, 2004.










     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00563-CR




JAY S. BOUTWELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 930848




MEMORANDUM OPINION

          A jury found appellant, Jay S. Boutwell, guilty of tampering with physical
evidence, found the enhancement paragraph true, and assessed punishment at seven
years’ confinement. In three issues, appellant contends that the trial court erred by
(1) admitting evidence of “extraneous bad acts and irrelevant testimony,”(2)
admitting evidence of extraneous bad acts despite the fact that the State failed to
provide notice under Rule 404(b) of the Texas Rules of Evidence, and (3) failing to
submit a limiting instruction in the jury charge on the burden of proof with respect
to extraneous bad acts. Appellant’s fourth issue alleges that the evidence was legally
and factually insufficient to support his conviction for tampering with physical
evidence. We affirm. 
Background
          On November 18, 2002, while conducting surveillance on a convenience store,
Houston Police Department Officer Greg Green saw a man approach Tristian Hicks
and give him money. Hicks then retrieved something from a baggy stowed in the
coin slot of a nearby payphone, and Hicks handed the man the object from the baggy. 
          Minutes later, Officer Green saw a tan truck drive into the parking lot and saw
Hicks approach the truck. Green testified that he saw the driver of the truck pass
money to Hicks; Hicks retrieve a white chunky substance from the baggy in the
payphone coin slot; and Hicks pass the white chunky substance to appellant who was
sitting in the back passenger seat of the truck. Officer Green alerted the arrest team,
and Officer Price immediately approached the truck. Officer Price saw appellant put
his hand to his mouth in an apparent attempt to swallow the white chunky substance. 
Officer Price repeatedly asked appellant to spit out what he was chewing. When
appellant refused, Officer Price forced appellant out of the truck and arrested him for
“resisting detention.” For ingesting the white substance, appellant was charged with
the offense of tampering with evidence.Extraneous Acts
          In his first two issues, appellant contends that 1) during the guilt/innocence
phase of trial, the trial court erred in admitting evidence of “extraneous bad acts and
irrelevant testimony” and 2) the trial court erred in admitting evidence of extraneous
bad acts despite the fact that the State failed to provide notice under rule 404(b) of the
Texas Rules of Evidence.


 We disagree.
          To preserve error, the complaining party must raise the issue in the trial court
by a timely and specific request, objection, or motion. Tex. R. App. P. 33.1(a)(1). 
Appellant failed to timely and specifically object to Price’s testimony relating to
“extraneous bad acts and irrelevant testimony” and on the ground that the State failed
to provide notice pursuant to Rule 404(b). Accordingly, because appellant failed to
make the proper objections on both issues, appellant waived any error. See id.
          We overrule appellant’s first two issues.
Limiting Instruction
          In his third issue, appellant contends that the trial court erred in failing to
submit a limiting instruction in the jury charge on the burden of proof with respect
to extraneous bad acts.
          When reviewing charge errors, an appellate court must undertake a two-step
review: first, we must determine whether error actually exists in the charge; second,
if we find error, we must determine whether sufficient harm resulted from the error
to require reversal. See Abdnor v. State, 871 S.W.2d 726, 731–32 (Tex. Crim. App.
1994).
          In this case, during the guilt-innocence phase of the trial, appellant failed to
request an instruction on the burden of proof with respect to extraneous acts and also
failed to object to the jury charge. However, appellant argues that the trial court
should have, sua sponte, included a limiting instruction, notwithstanding the fact that
appellant failed to object to the jury charge. We disagree. 
          During the guilt-innocence phase, as opposed to the punishment phase of a
trial, a trial court is not statutorily required to instruct a jury, sua sponte, that it may
not consider extraneous offense evidence unless it finds the extraneous offenses have
been proven beyond a reasonable doubt. See Rodriguez v. State, 137 S.W.3d 228,
231 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing Huziar v. State, 12 S.W.
3d 479, which provides that “in the punishment phase of non-capital cases, a trial
court is statutorily required . . . to instruct a jury sua sponte that it may not consider
extraneous-offense evidence unless it finds the extraneous offenses have been proven
beyond a reasonable doubt.”). Accordingly, because the statutory duty to instruct a
jury sua sponte, does not apply to the guilt-innocence phase, we hold that the trial
court did not err in failing to give a limiting instruction on the burden of proof with
respect to extraneous acts. See id.
          We overrule appellant’s third issue. 
Sufficiency
          In his fifth issue, appellant contends that the evidence was legally and factually
insufficient to support his conviction for tampering with physical evidence.
Legal Sufficiency
          When conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). Although a legal-sufficiency 
analysis entails a consideration of all evidence presented at trial, we may neither
re-weigh the evidence nor substitute our judgment for the jury’s. King, 29 S.W.3d
at 562. The jury, as trier of fact, is the sole judge of the credibility of witnesses and
may believe or disbelieve all or any part of a witness’s testimony. Reece v. State, 878
S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1994, no pet.). 
          Appellant was charged by information with the offense of tampering with
physical evidence. A person commits the offense of tampering with or fabricating
physical evidence when he, “makes, presents, or uses any record, document, or thing
with knowledge of its falsity and with intent to affect the course or outcome of the
investigation or official proceeding.” Tex. Pen. Code Ann. § 37.09(a)(2) (Vernon
Supp. 2005). 
          Officer Price testified that, when he approached the truck, appellant put a white
chunky substance in his mouth and started chewing. Officer Price testified that
appellant turned his head away, chewed, and started to swallow as Officer Price
attempted to convince him to spit out the substance. When appellant refused to
comply, Officer Price pulled him out of the truck, and eventually handcuffed him. 
Appellant had a white substance on his lips and acknowledged that there was
something in his mouth. Price’s testimony indicated that appellant attempted to
destroy the evidence through his continued refusal to spit out the contents in his
mouth. 
          Once appellant was arrested, Officer Price used four cotton swabs to sample
the inside of appellant’s mouth. Officer Price tested one cotton swab, and the test
results were positive for cocaine. When the Houston Police Department Crime Lab
tested the three other cotton swabs, the test results were also positive for cocaine. In
addition, Houston Police Department Officer Mike Baccus testified that he recovered
a baggy of crack cocaine from the same payphone coin slot from which Officer Green
saw Hicks retrieve a baggy.
          Viewing all of the evidence in the light most favorable to the verdict, we find
that the record contains sufficient evidence to support the jury’s verdict finding
appellant guilty of the offense of tampering with or fabricating physical evidence. 
See King, 29 S.W.3d at 562.
Factual Sufficiency
          Appellant further contends that the evidence was factually insufficient. In a
factual-sufficiency review, we view all of the evidence in a neutral light, and we will
set the verdict aside only if the evidence is so weak that the verdict is clearly wrong
and manifestly unjust, or the contrary evidence is so strong that the standard of proof
beyond a reasonable doubt could not have been met. Escamilla v. State, 143 S.W. 3d
814, 817 (Tex. Crim. App. 2004).
          In conducting the factual-sufficiency review, we must also employ appropriate
deference to the fact finder so that we do not substitute our judgment for that of the
fact finder. See Zuniga v. State, 144 S.W. 3d 477, 482 (Tex. Crim. App. 2004). Our
evaluation should not intrude upon the fact finder’s role as the sole judge of the
weight and credibility given to any witness’s testimony. Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997). What weight to be given contradictory testimonial
evidence is within the sole province of the fact finder because it turns on an
evaluation of credibility and demeanor. Id. at 408. The fact finder is entitled to judge
the credibility of the witnesses and may choose to believe all, some, or none of the
testimony presented. Id. at 407.
          In this case, appellant argues that the evidence is factually insufficient to
support his conviction because his testimony contradicted Officer Price’s testimony. 
Officer Price testified that he had been in contact with appellant twice before at
“crack hot spots,” once believing him to be involved with a “crack rental”


 and the
second time for a traffic stop. Despite this connection, Officer Price testified that he
had no particular “animus” toward appellant, while appellant implied that Officer
Price had a “vendetta” against him. Appellant testified that he opened and closed his
mouth after Officer Price requested that he open his mouth. Officer Price, however,
testified that appellant did not comply when continuously asked to spit out the
substance. Appellant denied ingesting cocaine, yet he admitted that he has been
smoking crack for a long time and has not “gotten himself together.” Finally,
appellant argues that he was not able to independently test the swabs containing the
substance removed from his mouth because the HPD Crime Lab used all the white
substance samples on the cotton swabs. These arguments are attacks on the
credibility and weight of the evidence. 
          Having viewed all of the evidence in a neutral light, favoring neither party, we
find that the evidence supporting appellant’s conviction is not too weak to support the
finding of guilt beyond a reasonable doubt; nor was the contrary evidence so strong
that the beyond-a-reasonable-doubt standard could not have been met. As we stated
earlier, the fact finder is entitled to judge the credibility of the witnesses and may
choose to believe all, some or none of the testimony presented. See Cain, 958 S.W.2d
at 407. When the evidence is conflicting, the jury’s verdict is generally regarded as
conclusive. McGarity v. State, 5 S.W.3d 223, 232 (Tex. App.— San Antonio 1999,
no pet). We hold that the evidence demonstrates that the jury was rationally justified
in finding appellant guilty beyond a reasonable doubt. See Zuniga, 144 S.W. 3d at
481.
          We overrule appellant’s fifth issue.Conclusion
          We affirm the judgment of the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley. 
Do not publish. Tex. R. App. P. 47.2(b).