Opinion filed May 1, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 1, 2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                       Nos. 11-06-00295-CR & 11-06-00296-CR

                                                    __________

 

                                 JAMES DANIEL FLORES, Appellant

                                                             V.

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 259th District Court

                                                           Jones
County, Texas

                                            Trial
Court Cause Nos.  9757 & 9758

 



 

                                             M E
M O R A N D U M     O P I N I O N

James
Daniel Flores entered pleas of guilty to the offenses of arson[1]
and of burglary of a habitation.[2]  After a
joint trial, the jury convicted appellant and assessed his punishment at
confinement for fifteen years for each offense.  We affirm.

                                                                  Issue
on Appeal








In
his sole issue in each appeal, appellant contends that he was denied effective
assistance of counsel at trial.  Specifically, appellant argues that his trial
counsel failed to object to and failed to secure a hearing on the admissibility
of extraneous conduct:  credit card abuse and burning other houses in the
area.  Further, appellant contends that his trial counsel was ineffective in
failing to object to two of the State=s
comments in closing argument:  that appellant shoved his son during a domestic
confrontation with his former wife (the child=s
mother and the victim in these cases) and that appellant had been involved with
credit card abuse.

                                                              Standards
of Review

A.
Effective Assistance of Counsel.

In
order to determine whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Wiggins v. Smith, 539 U.S. 510, 520 (2003); Strickland v.
Washington, 466 U.S. 668, 690 (1984); Andrews v. State, 159 S.W.3d
98, 101 (Tex. Crim. App. 2005); Hernandez v. State, 988 S.W.2d 770 (Tex.
Crim. App. 1999).   We must indulge a strong presumption that counsel=s conduct fell within the
wide range of reasonable professional assistance, and appellant must overcome
the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002); Stafford v. State, 813 S.W.2d 503, 508-09 (Tex.
Crim.  App. 1991).

B.
Admissibility of Extraneous Offenses at the Punishment Phase of Trial.

Tex. Code Crim. Proc. Ann. art. 37.07, ' 3 (Vernon Supp. 2007)
provides that evidence of an extraneous crime or bad act is admissible at the
punishment phase if the evidence shows beyond a reasonable doubt that the
defendant did commit the act.  Article 37.07, section 3 allows the admission of
both adjudicated and unadjudicated acts.  Under Article 37.07, section 3, the
factfinder may not consider the extraneous acts unless it is satisfied beyond a
reasonable doubt that the acts are attributable to the defendant.  Huizar v.
State, 12 S.W.3d 479, 481 (Tex. Crim. App. 2000).

C.
Permissible Areas of Jury Argument.

Proper
jury argument includes summation of the evidence presented at trial, reasonable
deduction drawn from that evidence,  answer to the opposing counsel=s argument, and a plea for
law enforcement.  Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App.
2000).  An argument that is manifestly improper or injects new, harmful facts
into the case is reversible error.  Id.

 

 








                                                              Proceedings
at Trial

There
is no challenge to the sufficiency of the evidence.  Appellant entered pleas of
guilty to burning Leigh Flores=s
home and to burglarizing her home.  The record reflects that appellant
purchased $.50 worth of gas, entered Leigh=s
home without permission, and started the fire.  Leigh testified that, during
her marriage to appellant, there had been many instances of domestic
disturbance.  Leigh was not sure how many times the couple had separated during
their eleven-year relationship.  Leigh could not recall all the details of
their various disturbances but stated that no one was putting words in her
mouth about their son getting physically between appellant and her while they
were fighting or about her son being shoved by appellant.  Leigh testified that
appellant had been jailed for credit card abuse.

Leigh
testified that she had expressed concern prior to the fire that appellant would
burn down her house.  She testified that vacant houses in her neighborhood had
caught fire.  When the State asked if these fires had been after she had had a
fight with appellant, appellant objected, and the parties approached the bench
for a conference off the record.  The State then withdrew its question and
asked Leigh if houses in her neighborhood had burned and, if so, where were
these houses in location to her home.  Leigh answered that they were across the
street and to the left.

Frank
Stephen Cook testified that appellant used to come to his house to party. 
Appellant had been at Cook=s
house when Cook=s
business credit card Aturned
up missing.@  Eight
unauthorized charges were made on the credit card, including one at an Abilene
Super Wal-Mart.  Cook reported the abuse to police after he had conducted his
own investigation and concluded that appellant had taken his card.  Jack
Thompson testified that, while he was a police officer for the City of Anson,
he investigated or was aware of investigations of  several offenses involving
appellant,  including the arson of Leigh=s
home and Cook=s credit
card abuse case.  Thompson stated he watched an Abilene Wal-Mart security video
in which appellant used a credit card.








The
State waived its opening closing argument, and appellant=s counsel argued to the jury that appellant
was admitting his guilt, that he had had a troubled past and problems with the
law, and that he was eligible for community supervision.  Counsel asked the
jury to be lenient and to allow appellant to be a father to his children.  The
State responded by discussing appellant=s
history of domestic violence including assaults on Leigh in front of their
children and their son=s
intervention as well as appellant=s
various scrapes with law enforcement including a DWI involving the youngest of
his children and the abuse of Cook=s
credit card.  The State concluded its argument by suggesting to the jury that
appellant was not a good candidate for community supervision and that
confinement was an appropriate punishment.

The
charge to the jury included an instruction that it could consider any
extraneous conduct in assessing punishment only if it found beyond a reasonable
doubt that appellant did engage in that conduct.

                                                                        Analysis

The
record does not support appellant=s
contentions that his trial counsel=s
representation fell below an objective standard of reasonableness.  The State=s arguments were not only
permissible summations of the evidence at trial and reasonable deductions from
the evidence but were also permissible answers to appellant=s closing argument.  Jackson,
17 S.W.3d at  673.  Therefore, trial counsel could not have been ineffective
for failing to object to permissible jury argument.

While
Article 37.07, section 3 does not require that a hearing be requested, the
record reflects that a hearing was conducted at trial counsel=s request concerning Leigh=s testimony about appellant
burning other houses in her neighborhood.  The jury was properly instructed
concerning the consideration of any and all extraneous conduct, and we will
presume that the jury followed that instruction.  Under the circumstances, it
is very possible that trial counsel did not object and argue his concerns in
front of the jury due to sound trial strategy.  Bone, 77 S.W.3d at 833; Stafford,
813 S.W.2d at 508-09.  Appellant=s
sole issue in each appeal is overruled.

                                                               This
Court=s Ruling

The
judgments of the trial court are affirmed.

 

 

RICK STRANGE

JUSTICE

 

May 1, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Cause No. 11-06-00295-CR.





[2]Cause No. 11-06-00296-CR.