**Tracy Paul TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 01–07–00801–CR, 01–07–00802–CR, 01–07–00803–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 22, 2009.

Discretionary Review Granted Aug. 19, 2009.

Angela Cameron, Houston, TX, for Appellant.

Dan McCrory, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices HIGLEY and NUCHIA.*

## OPINION

LAURA CARTER HIGLEY, Justice.

Following a joint trial on three separate indictments, a jury found appellant, Tracy Paul Taylor, guilty of three offenses of aggravated sexual assault of a child.[1] For each offense, the jury sentenced appellant to 70 years in prison and assessed a $10,000 fine. In response to a motion by the State, the trial court cumulated two of the three sentences.

Appealing each judgment of conviction, appellant raises three identical points of error in each appeal. Appellant contends as follows: (1) the trial court abused its

---

* Justice Sam Nuchia, who retired from the First Court of Appeals on January 1, 2009, continues to sit by assignment for the disposition of this case, which was submitted on December 16, 2008.

1. TEX. PENAL CODE ANN § 22.021 (Vernon Supp.2008).

discretion by denying his motion for new trial; (2) the jury charge was erroneous because it did not instruct the jury that it could not consider appellant's conduct before his seventeenth birthday as a basis for conviction; and (3) appellant did not receive effective assistance of counsel at trial because his counsel failed to object to the jury charge on the ground that it failed to instruct the jury that it could not base a guilty finding on an act committed by appellant before his seventeenth birthday.

We reverse and remand.

## Background

J.G., the complainant, is five years younger than appellant. J.G.'s birthday is June 12, 1990, and appellant's birthday is March 25, 1985.[2] When J.G. was eight years old, she began staying at the home of appellant's mother before and after school and in the summer, while her father worked.

At the age of 16, J.G. made an outcry to appellant's sister-in-law that appellant had sexually abused her during the time period that she stayed at the home of appellant's mother. J.G. reported that appellant had begun sexually abusing her by the time she was in the fifth grade and had stopped abusing her when she was 15 years old.

Appellant was ultimately charged with three offenses of aggravated sexual assault, based on abuse that occurred in September 2002. Specifically, appellant was charged with intentionally and knowingly causing the penetration of (1) J.G.'s sexual organ with his sexual organ on or about September 1, 2002, (2) J.G.'s mouth with his sexual organ on or about September 15, 2002, and (3) J.G.'s anus with his sexual organ on or about September 30, 2002. In September 2002, appellant was 17 years old, and J.G. was 12 years old.

At trial, J.G. testified about the abuse generally, stating that, over the years, appellant penetrated her vaginally, orally, and anally with his penis on a frequent basis. Because of the frequency and duration of the abuse, J.G. did not remember many details about each instance of abuse.

J.G. did describe a few specific instances of abuse for the jury. J.G. testified that appellant had penetrated her vaginally with a number of objects, including a hammer, a broomstick, and a paintbrush. J.G. also described how appellant placed his penis in her mouth and then penetrated her vaginally on his grandmother's bed. When read in the context of the record, appellant committed these instances of abuse before he was 17 years old.

J.G. also told the jury about one instance when appellant performed oral sex on her in the bathroom. J.G. recalled that she was in the fifth grade. Appellant would have been 15 or 16 years old at the time. J.G. told the jury about another specific instance of abuse that was close in time to the bathroom incident. J.G. described that appellant had penetrated her vaginally with his penis in his bedroom.

J.G. told the jury that she remembered one instance when appellant abused her by placing his penis in her anus. She recalled that it occurred in appellant's backyard, but could not remember when it had happened.

No instruction was given to the jury that it should not consider, as a basis for conviction, acts committed by appellant before his seventeenth birthday. Appellant made no objection to the jury charges on this ground.

---

**2.** J.G. testified that her birthday is October 1, but other evidence indicates that her birthday is June 12, 1990.

With respect to the date of the offense, each jury charge, provided,

> You are further instructed that the State is not bound by the specific date which the offense, if any, is alleged in the indictment to have been committed, but that a conviction may be had upon proof beyond a reasonable doubt that the offense, if any, was committed at any time within the period of limitations. The limitation period applicable to the offense of aggravated sexual assault of a child is ten years from the date of the 18th birthday of the victim of the offense.

The jury found appellant guilty of the each offense as alleged in the three indictments. These appeals followed.

### Charge Error

■ Appellant frames his second point of error as follows: "The jury charge was erroneous as it did not instruct the jury it could not consider conduct occurring before appellant's seventeenth birthday as evidence of guilt."

Penal Code section 8.07(b) provides that unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, "a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age," except for certain offenses not applicable here. TEX. PENAL CODE ANN. § 8.07(b) (Vernon Supp.2008). Appellant turned 17 on March 25, 2002. J.G. testified that appellant penetrated her vaginally, orally, and anally both before and after appellant's seventeenth birthday. With respect to the juvenile conduct, the juvenile court did not waive jurisdiction or certify appellant for criminal prosecution.

The three indictments alleged that appellant penetrated J.G. vaginally, orally, and anally "on or about" September 1, 15, and 30, 2002, respectively. As described above, the jury charge in each case did not contain a section 8.07(b) instruction informing the jury that it could not base a guilty finding on appellant's conduct before his seventeenth birthday. The jury was not limited, for purposes of determining guilt, to considering appellant's conduct after he reached 17 years of age. Rather, the jury was instructed that it was not bound to the "on or about" dates and could consider any conduct that occurred within the limitations period as a basis for conviction.

■ Appellant contends that the trial court erred by failing to give, sua sponte, a section 8.07(b) instruction. Code of Criminal Procedure article 36.14 requires the trial court to deliver to the jury "a written charge distinctly setting forth the law applicable to the case." *Delgado v. State,* 235 S.W.3d 244, 247 (Tex.Crim.App.2007) (quoting TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007)). Error due to erroneous omissions in the jury charge can result either from omissions of issues on which a trial court has a duty to instruct without a request from either party or from issues that have been timely brought to the trial court's attention. *Huizar v. State,* 12 S.W.3d 479, 483 (Tex.Crim.App. 2000).

■ A distinguishing feature of "the law applicable to the case" for which a trial court has a sua sponte duty to instruct the jury is that it is neither discretionary nor dependent on either side's theory of the case. *See Oursbourn v. State,* 259 S.W.3d 159, 180 (Tex.Crim.App.2008). When a statute *requires* a jury instruction under the particular circumstances of the case, then the trial court must sua sponte give the instruction. *See id.* For example, if the evidence raises an accomplice witness issue, then the trial court shall instruct the jury that an accomplice's testimony must

be corroborated by other evidence tending to connect the defendant to the crime, regardless of whether the defendant requested the instruction or objected to its omission. *See id.* at 180 n. 84.

■ In contrast, defensive issues are typically dependent on trial strategy and tactics, and are not legislatively proscribed by statute when particular circumstances are presented. *See Delgado,* 235 S.W.3d at 249. Instead, defensive issues are typically framed in terms of permissive or discretionary language. *See, e.g.,* TEX. PENAL CODE ANN. § 8.01 (Vernon 2003) (permitting insanity defense); *id.* § 8.02 (allowing mistake of fact as defense).

■ A defensive issue is not law applicable to the case for purposes of article 36.14 *unless* the defendant timely requests the issue or objects to its omission in the jury charge. *Oursbourn,* 259 S.W.3d at 180 (citing *Posey v. State,* 966 S.W.2d 57, 62 (Tex.Crim.App.1998)). Accordingly, a trial court does not err by failing to include a defensive issue in the charge when the defendant has not requested it or objected to its omission. *See Posey,* 966 S.W.2d at 62.

The State contends that the trial court did not err by failing to give a section 8.07(b) instruction because appellant's juvenile status was a defensive issue, and appellant neither requested the instruction nor objected to its omission. We disagree.

The language of section 8.07(b) is not permissive; it is mandatory. It provides that, with a few exceptions, a person may not be prosecuted for or convicted of a criminal offense committed before he is 17 years old, unless the juvenile court has waived jurisdiction and certified the person for prosecution. TEX. PENAL CODE ANN. § 8.07(b) (Vernon Supp.2008). It is a legislatively prescribed jurisdictional requirement applicable to all cases in which the culpable conduct was committed before the alleged perpetrator reached the age of 17. *See Huizar,* 12 S.W.3d at 484 (concluding that trial court must instruct jury at punishment phase in all non-capital cases that State must prove any extraneous offenses beyond reasonable doubt, even in absence of request or objection). Section 8.07(b)'s application is neither dependent on a defendant's theory of the case, nor is it discretionary. *See id.* at 484 n. 7. Moreover, it is difficult to imagine—at least under the facts presented here—that a reasonably competent attorney would decide not to request a section 8.07(b) instruction for strategic or tactical reasons. *See Oursbourn,* 259 S.W.3d at 180 n. 84.

In sum, section 8.07(b) was "the law applicable" to this case. We conclude that the trial court erred by failing to instruct the jury that it could not consider appellant's acts before his seventeenth birthday as a basis for a guilty finding. *See Alberty v. State,* Nos. 05–05–01687–CR & 05–05–01688–CR, 2008 WL 2747183 at *3 (Tex. App.-Dallas July 16, 2008, no pet. h.) (concluding that "[e]rror clearly existed" in charge that failed to include section 8.07(b) instruction, even though defendant had not objected to charge).

■ Because appellant did not request (or object to the lack of) a section 8.07(b) instruction, we review the charge error under *Almanza's* "egregious harm" standard to determine whether appellant received "a fair and impartial trial." *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State,* 218 S.W.3d 706, 719 (Tex.Crim.App.2007) (citing *Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim. App.1996)). In examining the record to determine whether charge error is egre-

gious, we consider the entirety of the jury charge itself, the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the trial record as a whole. *See id.* (citing *Bailey v. State,* 867 S.W.2d 42, 43 (Tex.Crim.App.1993)).

As noted, each charge did not prohibit the jury from convicting appellant based on acts committed against J.G. before appellant turned 17. No other instruction "corrected or ameliorated" this aspect of the charge. *See Ngo v. State,* 175 S.W.3d 738, 752 (Tex.Crim.App.2005). For example, the charges did not contain, nor did the defense request, an instruction limiting the jury's consideration of the extraneous juvenile offenses to appellant's or J.G.'s state of mind or to the prior or subsequent relationship between appellant and J.G. *See* TEX.CODE CRIM. PROC. ANN. art. 38.37 (Vernon Supp.2008).

We now turn to the probative evidence pertinent to our charge error analysis. Appellant was primarily convicted in these cases based on J.G.'s testimony. Whether appellant sexually abused J.G. at any time was contested at trial.

Although her testimony was general in many respects, J.G. made clear to the jury that appellant's sexual abuse involved penile penetration of her vagina, mouth, and anus, had been frequent, and had lasted over a period of at least five years. It is undisputed that, for approximately half of this time period, appellant was under 17 year of age.

The State points out that J.G. testified that the abuse was the "worst" in terms of frequency when she was in the sixth through the eighth grades. The State further points out that appellant was 17 years old when J.G. was in the seventh grade. Nonetheless, it appears from the record as a whole that most of the specific and graphic instances of abuse described by J.G. at trial occurred before appellant's seventeenth birthday. Two of the specific instances of abuse described, which from the record occurred before appellant's seventeenth birthday, involved penile penetration of J.G.'s vagina and mouth—two of the manner and means alleged in the indictments.

Citing *Gandy v. State,* 222 S.W.3d 525, 531 (Tex.App.-Houston [14th Dist.] 2007, pet. ref'd), the State also argues that "there was no reason for the jury to only believe J.G.'s testimony that occurred when appellant was a minor" while disbelieving her testimony that "the worst" occurred when appellant was at least 17 years old. *Gandy,* in turn, relies on *Dixon v. State,* 201 S.W.3d 731 (Tex.Crim.App. 2006), a Court of Criminal Appeals decision that is readily distinguishable.

In *Dixon,* the child complainant testified about a sequence of events that occurred every time appellant sexually assaulted her. *Id.* at 732. The child articulated one sequence of events, answered that this same sequence occurred one hundred times, could not remember when she was last assaulted and gave no further details regarding the activity. *Id.* The court of appeals applied a harm analysis to the trial court's denial of defense's request that the State be required to elect which instance of assault it would rely on for conviction, and found the error harmless. *Id.* at 735. The court emphasized that the child articulated only one identical sequence of events which occurred one hundred times, according to the child. *Id.* The court commented that the child was either credible or not, and that the number of times the sequence occurred, whether it occurred one, ten, fifty or one hundred times, did not affect the child's believability. *Id.*

In contrast, here, J.G. gave detailed descriptions of various instances when she was molested. J.G. also testified to the approximate time period during which

some of these instances occurred. Such detailed testimony would naturally enhance a complainant's credibility and, contrary to the State's contention, provide a basis for the jury to believe J.G.'s testimony regarding the abuse that occurred before appellant's seventeenth birthday while disbelieving J.G.'s testimony regarding the abuse that occurred after appellant's seventeenth birthday. Unlike the jury in *Dixon*, which, to convict the defendant, was required to rely on one repetitive account of molestation, here, the jury could well have voted to convict appellant based on J.G.'s detailed description of instances of abuse that occurred before appellant's seventeenth birthday, while ignoring J.G.'s more general testimony about the abuse that occurred after appellant's seventeenth birthday.

With respect to jury argument, both sides focused primarily on witness credibility. We note that the State reminded the jury of J.G.'s testimony in which she stated that the "worst" abuse occurred when she was in the sixth, seventh, and eighth grades, "and some of the ninth grade." The State asked rhetorically, "[H]ow old was the defendant when she was in the seventh, eighth, and ninth grade? He was 17, 18, 19 . . . ." But the State also stressed the disturbing and graphic instances of abuse described by J.G. in which appellant had vaginally penetrated her with various objects. From the record, it appears that these instances predated appellant's seventeenth birthday. The State also highlighted the entire period of abuse. The State averred that J.G. "dealt with" the abuse for eight years and implied that appellant began abusing J.G. when she was seven or eight years old.[3]

To summarize, by failing to limit the charge to consideration of appellant's conduct after he turned 17, the charge authorized the jury to convict appellant based on acts he committed before his seventeenth birthday, in contravention of Penal Code section 8.07(b). The issue of whether appellant ever sexually abused J.G. was disputed at trial. It is uncontested that appellant was under the age of 17 for approximately half of the time period during which he abused J.G. The most explicit and graphic instances of abuse detailed at trial occurred before appellant turned 17 years of age. The State's closing argument, in part, drew the jury's attention to this period and to the entire period of abuse.

After considering the entire charge in each case, the evidence, and the argument of counsel, we conclude that appellant was deprived of the valuable right to be prosecuted for and convicted of only those offenses for which he is criminally responsible under Texas law. *See* TEX. PENAL CODE ANN. § 8.07(b). We hold that the record demonstrates that the error in the jury charges was sufficiently egregious to deprive appellant of a fair and impartial trial.

We sustain appellant's second point of error.[4]

### Conclusion

We reverse the judgments of the trial court and remand the three cases to the trial court for further proceedings.

---

3. Contrary to the State's remarks, J.G.'s testimony indicates that the abuse began approximately when she was in the fifth grade and ended when she was 15 years old. Other evidence showed that J.G. was 10 years old in the fifth grade.

4. Because of our disposition of point of error two, we need not reach points of error one or three.