NO. 07-08-0390-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 7, 2009
_____

JEROMY KEITH BRISTOW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,398-B; HONORABLE JOHN BOARD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**

Appellant, Jeromy Keith Bristow, appeals his sentence of 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). We affirm.

Background

On March 13, 2007, appellant and Jonathan McSmith were together with Larry Hattig in a home located in Amarillo, Texas. While at the home, appellant had a gun and,

while "messing" with the gun, shot and killed McSmith. Appellant was charged with murder.

At trial, appellant was found guilty of the lesser-included charge of manslaughter and went to the jury for punishment. During the punishment proceedings, the State presented evidence of appellant's prior adjudicated offenses including burglary of a building, possession of marihuana, and discharge of a firearm inside a municipality. Additionally, upon cross-examination of appellant, the State made statements that raised the issue of appellant having a "gang mentality" and that appellant had failed to be rehabilitated because, after his release from the Texas Youth Commission, appellant was "out on the street buying guns, buying ammunition, having drugs, and shooting people." The jury was then charged and, after deliberations, returned with a sentence of 20 years in ID-TDCJ.

Appellant appeals contending that the trial court erred in failing to charge the jury during the punishment proceeding that, before it can consider acts and offenses in assessing punishment, the trier of fact must believe beyond a reasonable doubt that the acts and offenses are attributable to appellant. We affirm the judgment of the trial court.

Law and Analysis

Under article 37.07 of the Texas Code of Criminal Procedure, "evidence may be offered . . . of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible . . . ." TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a) (Vernon Supp. 2008).

2

When the State admits such evidence, the trial court shall instruct the jury as to the reasonable doubt standard. See Huizar v. State, 12 S.W.3d 479, 483 (Tex.Crim.App. 2000). If the trial court fails to provide a charge as to the reasonable doubt standard, the charge error shall be analyzed for harm under article 36.19. Id. at 484-85. The judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of appellant, or unless it appears from the record that appellant has not had a fair and impartial trial. TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006). Almanza v. State, 686 S.W.2d 157 (Tex.Crim.App. 1984), sets forth the appropriate harm analysis for charge error under article 36.19. Huizar, 12 S.W.3d at 484-85. As such, appellant will obtain a reversal only if the error is so egregious as to create such harm that he has not had a fair and impartial trial. See Almanza, 686 S.W.2d at 171. The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. Id.

In this case it is clear that the trial court did not provide an instruction on reasonable doubt. However, for the adjudicated offenses of burglary, possession of marihuana, and discharge of a firearm, no instruction was necessary since a judge or jury has already made a determination of guilt beyond a reasonable doubt in a prior proceeding. See Bluitt v. State, 137 S.W.3d 51, 54 (Tex.Crim.App. 2004).

However, appellant contends that the bad acts of "gang mentality," possession of drugs, purchasing guns and ammunition, and shooting at people were acts raised by the State as unadjudicated offenses. Without a reasonable doubt instruction contained in the

3

charge, the possibility existed that "a jury might apply a standard of proof less than reasonable doubt in its determination of [appellant's] connection to such offenses and bad acts, contrary to [article 37.07] section 3(a)." Huizar, 12 S.W.3d at 484. Appellant contends that the trial court erred in not including a reasonable doubt charge instruction within the punishment charge as it relates to these unadjudicated offenses.

However, upon reviewing the record in order to assay the degree of harm, we find that the record, as a whole, demonstrates that any harm suffered by appellant was not so egregious as to cause appellant to be denied a fair and impartial trial. During the punishment phase, the testimony and closing argument focused on the adjudicated offenses. Further, the State's mention of "gang mentality" and the purchases of guns and ammunition was raised in the form of a question without further probing. Additionally, the State's closing statement did not delve into the unadjudicated offenses. Taking into consideration the entire record at punishment, we conclude that the degree of harm was not egregious. Almanza, 686 S.W.2d at 171. We overrule appellant's issue.

Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice

Do not publish.


4