

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00197-CR

_____

KEVIN HOGUE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. CR0900774

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After having been observed exceeding the speed limit in a school zone, Kevin Hogue was pulled over by peace officers and subsequently charged with misdemeanor driving while intoxicated. A Hunt County jury convicted Hogue of the charge and then assessed punishment at 180 days' confinement in the county jail. In its punishment charge to the jury, the trial court failed to instruct the jury that any extraneous offenses must be proven beyond a reasonable doubt. Finding this error did not cause egregious harm to Hogue, we affirm the trial court's judgment and sentence.

At the punishment stage of Hogue's trial, the State offered (without objection from Hogue) documents establishing prior misdemeanor charges to which Hogue had pled guilty, these being admitted into evidence. The State did not elect to present any further evidence. Hogue then took the stand and asked the jury to suspend any sentence and recommend community supervision. During his testimony, he indicated that consumption of alcohol was part of his lifestyle. During the course of the State's cross-examination, Hogue was asked how he intended to curtail his alcohol drinking if he was placed on community supervision (as that would be one of the court's requirements of supervision). Hogue said he would just "[q]uit." When the State asked him how he would quit, Hogue responded that he had avoided alcohol for a period of two years after he had

wrecked his truck in 1994. The State then asked how he had wrecked his truck. Hogue's answer: "Drunk."[1]

On appeal, Hogue argues that his gratuitous admission of having wrecked his vehicle while drunk constituted evidence of an extraneous offense or bad act, and, therefore, the trial court should have instructed the jury that it could not consider any such conduct unless convinced such bad act was proven beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp. 2009); *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). A defendant is entitled to have the jury receive a reasonable doubt instruction regarding extraneous offenses without request. *Huizar*, 12 S.W.3d at 484. It is error if the trial court fails to apply this jury instruction sua sponte when it is appropriate to do so. *Id.* Hogue did not request such an instruction and did not otherwise object to the jury charge; absent such an objection or request, we will not reverse on this point of error unless the record demonstrates resulting egregious harm to him under the standard set out in *Almanza*. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)); *Mathonican v. State*, 194 S.W.3d 59, 62, 66 (Tex. App.—Texarkana 2006, no pet.).[2]

---

[1] One observes that there were numerous ways that Hogue could have made this response, such as by describing the nature of the wreck. The statement that he had been intoxicated at the time in response to the question which was asked appears to have been nothing more than an unsolicited admission.

[2] In analyzing a jury charge complaint, we first determine whether error exists in the charge and, then, if there was error, whether sufficient harm resulted from the error to compel reversal. *Ngo*, 175 S.W.3d at 743–44. If error occurs because of a failure to properly instruct the jury, the standard of review depends on whether the defendant lodged a proper objection. If a proper objection was raised, reversal is required if the error is "calculated to injure the

3

Under *Almanza*, the record must show that Hogue suffered actual, rather than merely theoretical, harm from jury instruction error. *Ngo*, 175 S.W.3d at 750. "[E]rrors which result in egregious harm are those which affect 'the very basis of the case,' deprive the defendant of a 'valuable right,' or 'vitally affect a defensive theory.'" *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (quoting *Almanza*, 686 S.W.2d at 172). In making an egregious harm determination, we evaluate (1) the entire jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the record as a whole. *Almanza*, 686 S.W.2d at 171.

### *Almanza* Analysis

We first consider the charge as a whole; except for the omission of an instruction that extraneous acts must be proved beyond a reasonable doubt, Hogue's jury charge on punishment was legally adequate.[3] We next consider the state of the evidence. The evidence from the guilt/innocence phase of trial was available for the jury's consideration at punishment. *Wright v. State*, 212 S.W.3d 768, 776 (Tex. App.—Austin 2006, pet. ref'd). Although the State did not explicitly re-offer the evidence from the first phase of trial, such act is not required. *Trevino v.*

---

rights of defendant." *Almanza*, 686 S.W.2d at 171. In other words, an error that has been properly preserved is reversible unless it is harmless. *Id*. If a defendant does not object to the charge, reversal is required only if the harm is so egregious that the defendant has not had a fair and impartial trial. *Rudd v. State*, 921 S.W.2d 370, 373 (Tex. App.—Texarkana 1996, pet. ref'd).

[3]Although the charge contains language instructing the jury not to consider Hogue's failure to testify as evidence against him, when the trial court read the charge to the jury, it told the jury that paragraph did not apply because Hogue in fact testified.

*State*, 100 S.W.3d 232, 238 (Tex. Crim. App. 2003). At guilt/innocence, the State proved that shortly after his arrest, Intoxilyzer results showed Hogue had breath-alcohol contents of .200 and .205, well above the legal limit of .08. Hogue told the arresting officer that he (Hogue) had a drinking problem and that it was a good thing he had been arrested. Hogue was stopped for speeding in a school zone, going fifty-three miles per hour where the limit was thirty-five. His eyes were glassy and bloodshot; his speech slightly slurred; and he could not successfully complete the field sobriety tests asked of him. The only contrary evidence was the opinion of Hogue's passenger. At the time of the traffic stop, Hogue was driving an elderly woman for whom he worked to the doctor. She opined he was not drunk at the time of the stop, although she acknowledged he had drunk two beers between 11:00 a.m. and about 2:50 p.m. Obviously, the jury could consider Hogue's admission he had had one wreck previously while intoxicated.

As for argument of counsel, the State did not mention Hogue's admission in closing argument; only in rebuttal argument did the State reference Hogue's statement and then only briefly. The State requested a sentence near the high end of the range of punishment, "from like 90 to 180 [days]."

**Egregious Harm Not Shown**

Hogue has not demonstrated there was actual harm and not just theoretical harm by the absence of the proper instruction in the punishment charge. *See Dickey v. State*, 22 S.W.3d 490, 492 (Tex. Crim. App. 1999). We cannot say that he was deprived of any valuable right or that the

5

charge error affected the very basis of the case or vitally affected any defensive theory. We overrule Hogue's point of error and affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     May 7, 2010
Date Decided:       May 10, 2010

Do Not Publish