**Order filed August 1, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00257-CR

_____

### ERNESTINA FLORES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 27515A**

### O R D E R

In a three-count indictment, Appellant, Ernestina Flores, was charged with possession of methamphetamine, possession of methamphetamine with intent to deliver, and unlawful possession of a firearm. The jury acquitted Appellant of unlawful possession of a firearm, but convicted her of possession of

methamphetamine with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2017). After Appellant pleaded true to an enhancement paragraph, the jury assessed her punishment at imprisonment for forty-five years and a fine of $1,000.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel asserts that he has thoroughly examined the record and applicable law and that he has concluded that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Following the procedures set out in *Anders*; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); and *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), we conducted an independent review of the record. In doing so, we noted that the jury charge from the punishment phase was not included in the clerk's record at the time counsel filed the *Anders* brief.[1] The district clerk has filed the punishment-phase charge in a supplemental clerk's record. We note that, although a video of an extraneous offense by Appellant, and testimony regarding that extraneous offense, were admitted during the punishment phase of the trial, the punishment-phase charge does not contain an extraneous offense instruction as required by Article 37.07, section 3(a) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (West Supp. 2018); *see also Delgado v*. State, 235 S.W.3d 244, 252 (Tex. Crim. App. 2007); *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).

Counsel did not have the opportunity to review the punishment-phase charge at the time he filed the *Anders* brief. Accordingly, we order counsel to review the punishment-phase charge and file, within thirty days of the date of this order, either

---

[1]The clerk of the trial court advised our clerk's office that the punishment-phase charge was not electronically scanned. Therefore, it was accidentally omitted from the clerk's record.

a supplemental *Anders* brief or a brief withdrawing the original *Anders* brief and raising any substantive issues on appeal that counsel deems arguable.

PER CURIAM

August 1, 2019

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.